BINDER v CONSUMERS POWER COMPANY

1. PLEADING—FAILURE TO STATE CLAIM—COMPLAINTS—CONCLUSIONAL
   ALLEGATIONS—INFORMING PARTY.
   A civil complaint should contain a statement of facts without
   repetition upon which the pleader relies in stating his cause of
   action with such specific averments as are necessary reasonably
   to inform the adverse party of the nature of the cause he is
   called upon to defend; conclusions alleging liability do not
   constitute a statement of facts and may be ignored in evaluat-
   ing the sufficiency of a complaint, but the distinction between
   pleading facts and conclusions should not be applied so formal-
   istically as to bar possibly meritorious claims on technicalities
   (GCR 1963, 111.1[1]).

2. MOTIONS—SUMMARY JUDGMENT—PLEADING—COMPLAINTS—FAIL-
   URE TO STATE CLAIM—UNENFORCEABLE CLAIM—FACTUAL DEVEL-
   OPMENT.
   The test which a court should apply in considering motions for
   summary judgment alleging that a complaint does not state a
   cause of action is whether the plaintiff's claim, on the plead-
   ings, is so clearly unenforceable as a matter of law that no
   factual development can possibly justify a right to recovery; a
   complaint which contains inappropriate conclusions but which
   also alleges sufficient facts to inform the defendant of the
   nature of the cause of action and to state a cause of action in
   negligence is not so clearly unenforceable as a matter of law
   that no factual development can possibly justify a right to
   recovery (GCR 1963, 117.2[1], [3]).

3. PLEADING—CONCISE PLEADINGS—EVIDENCE.
   Pleadings must be concise and should not state matters of evi-
   dence (GCR 1963, 111.9[1]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 61 Am Jur 2d, Pleading §§ 15, 17, 32.
[2] 61 Am Jur 2d, Pleading §§ 295, 300.
    73 Am Jur 2d, Summary Judgment §§ 13, 16, 27.
[3] 61 Am Jur 2d, Pleading § 29.

Appeal from Midland, Henry Hart, J. Submitted June 9, 1977, at Grand Rapids. (Docket No. 31394.) Decided August 9, 1977. Leave to appeal applied for.

Complaint by George L. Binder, Jr., and others, against Consumers Power Company, and others, seeking damages for injuries sustained when a well casing pole came into close proximity with an electrical wire owned by defendant Consumers Power Company. Judgment for all defendants. Plaintiff appeals summary judgment in favor of defendant Consumers Power Company. Reversed and remanded for trial.

*Sinas, Dramis, Brake, Turner, Boughton, McIntyre & Reisig, P. C. (by Charles H. Noble),* for plaintiffs.

*W. E. Wisner,* for defendant Consumers Power Company.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and M. B. BREIGHNER,* JJ.

R. B. BURNS, P. J. Plaintiffs' complaint alleged that George Binder, Jr., Robert J. Heilig and Ronald H. Heilig suffered electroshock burns when a well casing pole they were using in the routine maintenance of a water well located on the Binder property came in close proximity to an overhead electrical wire owned by defendant Consumers Power Company, causing electricity to arc from the wire to the pole. Sandra Binder alleged damages from loss of her husband's services, and Evelyn Heilig alleged emotional distress from seeing her two sons lying injured and motionless on the ground. Defendant Midland County and its em-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ployees, who approved installation of the well, were granted accelerated judgment on the basis of governmental immunity. Defendant Consumers Power Company was granted summary judgment, for failure of plaintiffs to state a claim upon which relief could be granted. GCR 1963, 117.2(1). Plaintiffs appeal only the grant of summary judgment in favor of Consumers Power Company. We reverse.

The disputed portion of plaintiffs' complaint alleges:

"8. That Consumers Power Company had a duty to foresee or anticipate the reasonable probability that a maintenance worker or Plaintiffs working on the Binder's well would come in contact with the high voltage wires in front of the Binder residence; that Defendant Consumers Power Company breached this duty to Plaintiffs by not anticipating or foreseeing Plaintiffs coming in close proximity to Defendants wires and that Plaintiff's injuries as hereinafter alleged were the proximate result of said breach.

"9. That Defendant Consumers Power Company carelessly, negligently and recklessly constructed and maintained a deadly and dangerous 'hot' high voltage line too close to an area where it knew or should have known that maintenance workers or Plaintiffs would be working on the well in front of the Binder residence.

"10. That Consumers Power Company knew or should have known that the Binder well located under Defendants power lines needed periodic maintenance and repair and therefore, had a duty to warn or notify Plaintiffs of the presence of high voltage wires, insulated only by airspace; that Consumers Power Company's negligent and reckless failure to so warn Plaintiffs was a proximate cause of Plaintiffs injuries as hereinafter alleged.

"11. That Defendant Consumers Power Company owed a duty to Plaintiffs to insulate the high voltage wires in front of the Binder residence by means other than airspace; that Consumers Power Company's ne-

glect and reckless failure to so properly insulate the wires was a proximate cause of Plaintiff's injuries.

"12. That Consumers Power Company owed a duty to Plaintiff to 'de-energize' or to run substantially less voltage through the wires in front of the Binder residence; that Consumers Power Company's negligent and reckless failure to do so caused the electricity in the wires to arc to a well casing pole which Plaintiff's brought in close proximity to the wires, causing severe electroshock and burn injuries to your Plaintiffs."

Defendant Consumers Power Company argues that the complaint does not state a cause of action because, first, plaintiffs' allegations are conclusional rather than factual, so that it has not been informed of the nature of the cause of action, GCR 1963, 111.1(1), and second, those facts which are alleged are not sufficient to state a cause of action in negligence.

GCR 1963, 111.1(1) requires that a complaint contain "a statement of facts without repetition upon which the pleader relies in stating his cause of action with such specific averments as are necessary reasonably to inform the adverse party of the nature of the cause he is called upon to defend".

"[A] motion for summary judgment under GCR 1963, 117.2(1) tests only the *legal,* not the factual, sufficiency of the pleadings. * * * In our review of such a motion, we are obliged to accept as true all of plaintiff's factual allegations as well as any conclusions which can reasonably be drawn therefrom." *Van Liere v State Highway Department,* 59 Mich App 133, 137; 229 NW2d 369, 371 (1975). (Emphasis in original; citation omitted.)

Mere conclusions alleging liability do not constitute a "statement of facts" under GCR 1963, 111.1(1), and therefore are ignored in evaluating

the sufficiency of the complaint. See *Stann v Ford Motor Company,* 361 Mich 225, 232–233; 105 NW2d 20, 23–24 (1960). However, the distinction between pleading facts and conclusions should not be applied so formalistically as to bar possibly meritorious claims on technicalities. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 430; 202 NW2d 577, 580 (1972). Where a plaintiff's legal theory seems questionable, the factual circumstances surrounding the claim are particularly important in evaluating the theory, so that the appropriate procedural method of testing the claim is a motion for summary judgment under GCR 1963, 117.2(3). *Crowther v Ross Chemical & Manufacturing Co, supra,* at 430–431; 202 NW2d at 580. Thus, "[t]he test which the court should apply in considering motions under GCR 1963, 117.2(1) is whether plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery". *Crowther, supra.*

Although paragraphs 8 through 12 of plaintiffs' complaint contain several inappropriate conclusions of liability, they also allege sufficient facts, when taken in conjunction with the remainder of the complaint, to both inform defendant of the nature of the cause of action, and to state a cause of action in negligence. The complaint informs defendant when, where, and how the accident occurred. It alleges that defendant knew or should have known the well needed periodic maintenance, and by implication alleges defendant knew or should have known of the location of the well. It alleges that, given such knowledge, the accident was foreseeable. It catalogues what plaintiffs believe were defendant's acts and omissions which caused the accident: maintenance of the power

line too near the well; failure to warn of the danger; failure to insulate by other than airspace; and failure to de-energize the line.

Defendant asserts that many more facts need to be alleged to state a cause of action in negligence against a utility company for liability where someone is injured through contact with its lines, and relies by analogy on the detailed factual analyses of liability in *Koehler v Detroit Edison Co,* 383 Mich 224; 174 NW2d 827 (1970), *Williams v Detroit Edison Co,* 63 Mich App 559; 234 NW2d 702 (1975), *Carr v Detroit Edison Co,* 49 Mich App 332; 212 NW2d 70 (1973), and *Dees v L F Largess Co,* 1 Mich App 421; 136 NW2d 715 (1965). All of these cases were decided after evidential development of the cause of action. See also *Wilhelm v Detroit Edison Co,* 56 Mich App 116; 224 NW2d 289 (1974). Pleadings must be concise. "A pleading shall not state matters of evidence." GCR 1963, 111.9(1). The cases relied upon by defendant point to the need for detailed evidential development before plaintiffs' legal theory can be evaluated. We cannot say that plaintiffs' claim "is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery". *Crowther v Ross Chemical & Manufacturing Co, supra.*

Reversed and remanded. Costs to plaintiffs.