### DEAN v CHILDS

Docket No. 244627. Submitted April 13, 2004, at Detroit. Decided May 13, 2004, at 9:05 A.M. Leave to appeal sought.

Marie Dean, as personal representative of the estates of her deceased children, Taleigha Marie Dean, Aaron John Dean, Craig Logan Dean, and Eugene Sylvester, brought an action in the Oakland Circuit Court against Jeffrey Childs, a Royal Oak firefighter, the Charter Township of Royal Oak, and the trustees of Royal Oak Township. The plaintiff sought to impose liability on the defendants for the deaths of her children in a fire at plaintiff's home at which Childs was the shift supervisor of the fire crew that responded. The plaintiff asserted a cause of action under 42 USC 1983 for a violation of rights secured by the Fourteenth Amendment of the United States Constitution, and she also claimed that the individual defendants' gross negligence was the proximate cause of her children's deaths. The court, Edward Sosnick, J., granted the individual trustees' motion for summary disposition on the basis that they were absolutely immune under MCL 691.1407(5). The court, however, in addressing the remaining parts of the defendants' motion for summary disposition, ruled that the plaintiff could amend her complaint to more properly plead a cause of action under § 1983, that Childs increased the risk of harm to her children by his deliberate indifference to their safety, that amendment of her complaint to better plead a cause of action against the township under § 1983 for failure to train would not be futile, that governmental immunity under MCL 691.1407(2) was not proper because reasonable jurors could disagree on whether Childs was the proximate cause of the children's deaths, and, finally, that plaintiff's claim against Childs was not precluded by the public duty doctrine because it did not extend to firefighters. After denial of a motion for reconsideration, Childs and the township filed a second motion for summary disposition. The court granted summary disposition with respect to the plaintiff's § 1983 claim against Childs, ruling that there was no constitutional right to any level of competence in fighting fires. The court also dismissed the plaintiff's § 1983 claim against the township for failing to adequately staff and fund its fire department. But the court, again, denied summary disposition in favor of

Childs on the plaintiff's state law claim that Childs's actions were the proximate cause of the children's deaths. In regard to the township, it was not entirely dismissed from the action by virtue of the court's granting Childs summary disposition on the § 1983 claim because the township failed to address the § 1983 claim of failure to train in the motion for summary disposition. The township and Childs filed an application for leave to appeal which the Court of Appeals, CAVANAGH, P.J., FITZGERALD and SAAD, JJ., denied. The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted. 467 Mich 898 (2002).

The Court of Appeals *held*:

1. The plaintiff failed to adequately plead a § 1983 claim against the township for failure to adequately train its fire department. Therefore, the circuit court's partial denial of summary disposition with regard to the township is reversed. The United States Supreme Court in *DeShaney v Winnebago Co Dep't of Social Services*, 489 US 189 (1989), identified as a general rule that the Due Process Clause does not confer a constitutional right to government aid or protection even if it is necessary to secure a life. The Supreme Court, however, identified two exceptions, one of which involves a state-created danger. The Court stated that the government has a duty to protect under the "state-created danger theory" when it either creates the danger or its actions render a person more vulnerable to the danger. Where the government action involves an emergency service, which must of necessity require quick action without deliberation, the standard for proving a violation of rights under § 1983 is much higher than deliberate indifference. There must be proof that the government affirmatively intended to cause harm. As a consequence, the plaintiff's § 1983 claim in which she asserted the township acted with deliberate indifference to her children in failing to train its fire department was insufficient to meet the pleading requirements of the state-created danger theory of liability under § 1983.

2. The circuit court properly denied defendant Childs's motion for summary disposition on the plaintiff's state law claim of wrongful death because this defendant is not entitled to statutory immunity under MCL 691.1407(2). Under that statute, a municipal employee is not immune from tort liability if the employee's conduct amounted to gross negligence and is the proximate cause of the injury. Gross negligence is the proximate cause of an injury if it is the one most immediate, efficient, and direct cause preceding an injury. The plaintiff presented evidence through an affidavit of another firefighter at the scene of the fire. This firefighter

stated that the children died because Childs ignored a nearby fire hydrant for one further away and Childs directed that water be sprayed at the front of the home, which caused the fire and smoke to accelerate toward the rear of the house and prevented a rescue of the children. This evidence, if proven, would show that the children would have survived the fire if Childs had not acted in a grossly negligent manner. Childs is also not entitled to immunity under the common law public duty doctrine because the Michigan Supreme Court has limited the protection of that doctrine to police officers.

Affirmed in part, reversed in part, and remanded for further proceedings.

GRIFFIN, J., concurring in part and dissenting in part. The plaintiff's third amended complaint fails to state a cause of action under 42 USC 1983. Therefore, reversal of the partial denial of the defendant township's motion for summary disposition is correct. However, with respect to defendant Childs's claim that he was immune from tort liability under MCL 691.1407(2), the plaintiff's allegations lack factual support to prove to a reasonable juror that the alleged gross negligence by defendant Childs was "the proximate cause" of the deaths of the plaintiff's children. The affidavit relied on by the plaintiff leads to the conclusion that the "most immediate, efficient, and direct cause" of the children's deaths was the fire itself, and not the actions of defendant Childs. Furthermore, plaintiffs original, amended, and second amended complaints concede that the fire proximately caused their deaths. Although defendant Childs's alleged gross negligence may have been a substantial factor in causing the deaths, that causal connection is insufficient to meet the governmental immunity threshold standard of "the" proximate cause.

*Boyer & Dawson, P.C.* (by *William G. Boyer, Jr.*), for the plaintiff.

*Garan Lucow Miller, P.C.* (by *Rosiland Rochkind* and *Roger A. Smith*), for the defendants.

Before: COOPER, P.J., and GRIFFIN and BORRELLO, JJ.

COOPER, P.J. Defendants Jeffrey Childs and the Charter Township of Royal Oak (the township) appeal by leave granted, following remand from our Supreme

Court, the trial court's order partially denying their
motion for summary disposition.[1] We affirm the trial
court's denial of Childs's motion with regard to the
state law claims, reverse the denial of the township's
motion with regard to the failure to train claim pursu-
ant to 42 USC 1983, and remand for further proceed-
ings.

I. FACTS AND PROCEDURAL HISTORY

On April 6, 2000, plaintiff's home in Royal Oak
Township was set on fire, allegedly by an arsonist. The
fire was initially limited to the front of the house.
Plaintiff successfully escaped while a firefighter at-
tempted to rescue her four children, who were trapped
in the rear of the home. Childs[2] ignored a fire hydrant
directly across the street from the burning home, choos-
ing instead to connect to a hydrant a block away.
Although Childs was informed of the rescue attempt at
the rear of the home, he ordered the fire crew to fight
the fire by shooting water at the front of the home. This
action immediately forced the fire and smoke toward
the rear of the home. Plaintiff claims that the action
destroyed any hope of rescuing the children. All four
children perished in the fire.

In her third amended complaint, plaintiff alleged
that Childs was grossly negligent and that his actions
were the proximate cause of her children's deaths.
Specifically, plaintiff alleged that Childs took "affirma-
tive actions that significantly increased the risk of

---

[1] We denied defendants' application for leave to appeal in *Dean v Ford*,
unpublished order of the Court of Appeals, issued August 2, 2002 (Docket
No. 240573). In lieu of granting leave to appeal, the Supreme Court
remanded the matter to this Court in *Dean v Ford*, 467 Mich 898 (2002).

[2] At the time, the position of fire chief was vacant. Childs was the Shift
Supervisor and the top appointed official due to the vacancy.

danger" to plaintiff by driving to a distant fire hydrant and by preventing the rescue of the Dean children by forcing the fire toward the rear of the house. Plaintiff further alleged that both defendants deprived her of life and liberty without due process of law in violation of the Fourteenth Amendment and 42 USC 1983, and that their actions showed "deliberate indifference to the risk of injury or death" and the safety of others. Specifically, plaintiff alleged that the township knowingly failed to adequately staff, fund, and train its fire department.

Defendants thereafter moved for summary disposition pursuant to MCR 2.116(C)(7) and MCR 2.116(C)(8), which the trial court granted in part.[3] The trial court dismissed all claims against Childs under 42 USC 1983, because "there was no clearly established constitutional right to any particular level of competence in fighting fires."[4] The trial court also dismissed plaintiff's § 1983 claims against the township regarding its failure to adequately fund and staff its fire department. Plaintiff's failure to train claim against the township was left intact, as that issue "was not raised or addressed" in defendant's motion for summary disposition. The trial court denied defendants' motion with regard to the state law wrongful death claims against Childs.[5]

## II. LEGAL ANALYSIS

We review a trial court's determination regarding a motion for summary disposition de novo.[6] A motion

---

[3] We note that plaintiff has not challenged those rulings adverse to her.

[4] Opinion and order granting summary disposition, p 2, citing *Saucier v Katz*, 533 US 194; 121 S Ct 2151; 150 L Ed 2d 272 (2001).

[5] Opinion and order granting summary disposition; opinion and order clarifying opinion and order granting summary disposition.

[6] *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001).

under MCR 2.116(C)(7) "tests whether a claim is barred because of immunity granted by law, and requires consideration of all documentary evidence filed or submitted by the parties."[7] A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the pleadings alone and should be granted only if the factual development of the claim could not justify recovery.[8]

### A. 42 USC 1983

The power of citizens to sue the state for a deprivation of their civil rights is granted in 42 USC 1983. The statute provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.[9]

The only remaining claim pursuant to § 1983 is that the township deprived plaintiff of life and liberty without due process of law under the Fourteenth Amendment in that its failure to properly train its fire department was the proximate cause of her children's deaths.

To establish a § 1983 claim, the facts, viewed in the light most favorable to the plaintiff, must show that a

---

[7] *Maskery v Univ of Michigan Bd of Regents*, 468 Mich 609, 613; 664 NW2d 165 (2003), quoting *Glancy v Roseville*, 457 Mich 580, 583; 577 NW2d 897 (1998).

[8] *Beaudrie, supra* at 129-130.

[9] 42 USC 1983.

constitutional violation occurred.[10] If a violation is found, the court must then determine "whether the violation involved 'clearly established constitutional rights of which a reasonable person would have known.' "[11] If no constitutional violation occurred, the defendant has qualified immunity from liability.[12] "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.' "[13]

The township asserts that plaintiff has failed to show a constitutional violation based on the United States Supreme Court's decision in *DeShaney v Winnebago Co Dep't of Social Services*.[14] According to *DeShaney*, the Due Process Clause does not confer an affirmative right to governmental aid, including protective services, even if the aid is necessary to secure life, liberty or property.[15] There are two exceptions to this general rule. First, when the government places a person in custody, thereby preventing him from protecting himself, a special relationship is created. This special relationship places the government under a heightened duty to protect that person.[16] Second, the government has a duty to protect under the "state-created danger theory" when the government either created the danger or took actions rendering the person more vulnerable to the danger.[17]

---

[10] *Ewolski v Brunswick*, 287 F3d 492, 501 (CA 6, 2002).

[11] *Id.*

[12] *Saucier, supra* at 201.

[13] *Id.* at 200, quoting *Mitchell v Forsyth*, 472 US 511, 526; 86 L Ed 2d 411; 105 S Ct 2806 (1985).

[14] *DeShaney v Winnebago Co Dep't of Social Services*, 489 US 189; 109 S Ct 998; 103 L Ed 2d 249 (1989).

[15] *Id.* at 196.

[16] *Id.* at 198-200.

[17] *Id.* at 201.

Plaintiff's claim clearly does not fall into the first *DeShaney* exception, as the Dean children were not in the custody of the township at the time of their deaths. Therefore, the issue before us is whether the township created the danger or rendered plaintiff more vulnerable to harm by failing to adequately train its fire department. To establish a claim under the state-created danger theory, a plaintiff must show

> 1) an affirmative act by the state which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party; 2) a special danger to the plaintiff wherein the state's actions placed the plaintiff specifically at risk, as distinguished from a risk that affects the public at large; and 3) the state knew or should have known that its actions specifically endangered the plaintiff.[18]

The Sixth Circuit has held that the failure to act cannot form an affirmative act to support a state-created danger.[19] However, the United States Supreme Court has held that a municipality may be liable under § 1983 for the failure to train municipal employees under certain circumstances.[20] In *Canton v Harris*, the Supreme Court held "that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."[21] The inadequate training must represent a "city policy," which the *Harris* Court described as follows:

---

[18] *Cartwright v Marine City*, 336 F3d 487, 493 (CA 6, 2003), citing *Kallstrom v Columbus*, 136 F3d 1055, 1066 (CA 6, 1998).

[19] *Id.*, citing *Sargi v Kent City Bd of Ed*, 70 F3d 907, 912-913 (CA 6, 1995).

[20] *Canton v Harris*, 489 US 378, 380; 109 S Ct 1197; 103 L Ed 2d 412 (1989).

[21] *Id.* at 388.

It may seem contrary to common sense to assert that a municipality will actually have a policy of not taking reasonable steps to train its employees. But it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need. In that event, the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury.[22]

Although the plaintiff in *Harris* was in police custody, failure to train has since been recognized as a valid cause of action in noncustodial situations.[23] However, in a noncustodial situation, the government action often relates to an emergency service, which must, by necessity, be carried out quickly without deliberation.[24] The standard is, therefore, much higher than deliberate indifference. A plaintiff must prove that the government action showed an affirmative intent to cause harm.[25] Unfortunately, plaintiff failed to properly plead her § 1983 claim regarding the township's failure to

---

[22] *Id.* at 390 (internal footnotes omitted).

[23] See *Holiday v Kalamazoo*, 255 F Supp 2d 732, 736 (WD Mich, 2003), citing *Berry v Detroit*, 25 F3d 1342, 1345 (CA 6, 1994) (involving allegation that city's failure to train regarding use of deadly force resulted in individual's death during an arrest), *Russo v Cincinnati*, 953 F2d 1036, 1045-1046 (CA 6, 1992) (involving allegations that individual's death during arrest resulted from city's inadequate training regarding the mentally ill and the use of excessive force); *Hill v McIntyre*, 884 F2d 271 (CA 6, 1989) (involving allegations that the city failed to properly train its officers in the method of obtaining search warrants).

[24] *Bukowski v Akron*, 326 F3d 702, 710 (CA 6, 2003).

[25] See *Sacramento v Lewis*, 523 US 833, 854; 118 S Ct 1708; 140 L Ed 2d 1043 (1998) (government action must show intent to harm or worsen condition); *Claybrook v Birchwell*, 199 F3d 350, 359 (CA 6, 2000) (government actions must have been malicious, sadistic, and "for the very purpose of causing harm").

train its fire department. Plaintiff alleged that the
township's actions showed "deliberate indifference" to
the safety of others. This standard is insufficient to
meet the burdensome requirements of a § 1983 state-
created danger claim in a noncustodial situation. There-
fore, we are compelled to reverse the trial court's partial
denial of summary disposition with regard to the town-
ship.

### B. STATE LAW CLAIMS

As we noted *supra*, the trial court denied Childs's
motion for summary disposition with regard to plain-
tiff's state law wrongful death claims. Childs asserted
both a statutory and common-law basis for immunity
from liability.

Under MCL 691.1407(2), a municipal employee is
immune from tort liability if: (1) the employee reason-
ably believes that his actions are within the scope of his
authority; (2) the employee is discharging a governmen-
tal function; and (3) the employee's "conduct does not
amount to gross negligence that is the proximate cause
of the injury or damage."[26] "Gross negligence" is de-
fined in the statute as "conduct so reckless as to
demonstrate a substantial lack of concern for whether
an injury results."[27]

Plaintiff presented evidence of Childs's gross negli-
gence through the affidavit of firefighter John Soave.
Soave stated that Childs ignored a fire hydrant in the
immediate area in favor of one a block away and
ordered water shot at the front of the home, forcing fire
and smoke into the rear of the home despite the
knowledge that a firefighter was attempting to rescue

---

[26] MCL 691.1407(2).

[27] MCL 691.1407(2)(c).

the children from that area. This conduct can fairly be described as "so reckless as to demonstrate a substantial lack of concern for whether an injury results."

Furthermore, plaintiff presented evidence that Childs's conduct was "the proximate cause" of the children's deaths. "The proximate cause" has been defined as "the one most immediate, efficient, and direct cause preceding an injury, not 'a proximate cause.' "[28] Soave stated in his affidavit that Childs caused the fire "to be pushed" toward the children and prevented the rescue attempt. While it is likely that the arsonist was "a proximate cause" of the children's deaths, plaintiff's evidence, if proven, would show that the children would have survived the fire if Childs had not acted in a grossly negligent manner. As the factual development of plaintiff's claim may justify recovery, the trial court properly denied Childs's motion for summary disposition on the ground of statutory immunity.

Childs claims common-law immunity under the public duty doctrine. Our Supreme Court has defined the public duty doctrine as follows:

> [I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed, if at all, in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it, or to perform it properly, is an individual wrong, and may support an individual action for damages.[29]

In *Beaudrie v Henderson*, our Supreme Court expressly limited the protection of the public duty doc-

---

[28] *Robinson v Detroit*, 462 Mich 439, 445-446; 613 NW2d 307 (2000).

[29] *White v Beasley*, 453 Mich 308, 316; 552 NW2d 1 (1996), quoting 2 Cooley, Torts (4th ed), § 300, pp 385-386.

trine to police officers.[30] The liability of all other municipal employees "should be determined using traditional tort principles without regard to the defendant's status as a government employee."[31] Therefore, Childs is not entitled to the protection of this doctrine and the trial court properly denied his motion for summary disposition on the ground of common law immunity.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

BORRELLO, J., concurred.

GRIFFIN, J. (*concurring in part and dissenting in part.*) I agree with the majority that plaintiff's third amended complaint fails to state a claim on which relief can be granted under 42 USC 1983. *Canton v Harris*, 489 US 378; 109 S Ct 1197; 103 L Ed 2d 412 (1989); *DeShaney v Winnebago Co Dep't of Social Services*, 489 US 189; 109 S Ct 998; 103 L Ed 2d 249 (1989); *Monell v New York City Dep't of Social Services*, 436 US 658; 98 S Ct 2018; 56 L Ed 2d 611 (1978). Accordingly, I concur in the result of reversing the partial denial of defendant Charter Township of Royal Oak's motion for summary disposition. MCR 2.116(C)(7) and MCR 2.116(C)(8).[1]

---

[30] *Beaudrie, supra* at 134.

[31] *Id.*

[1] Plaintiff's third amended complaint is conclusory, only, in regard to the claim that defendant township acted with "deliberate indifference" in the training of its firefighters. Under our fact-based pleading rules, MCR 2.111(B)(1), plaintiff's factually unsupported conclusions are inadequate to state a claim on which relief can be granted. *Stann v Ford Motor Co*, 361 Mich 225, 232-233; 105 NW2d 20 (1960); *Binder v Consumers Power Co*, 77 Mich App 343, 346-347; 258 NW2d 221 (1977). Significantly,

However, in regard to plaintiff's state law claims, I respectfully dissent. In my view, the township acting fire chief, defendant Jeffrey Childs, is immune from liability pursuant to MCL 691.1407(2) because the factual support for plaintiff's allegations is insufficient for a reasonable juror to conclude that the alleged gross negligence[2] of defendant Childs was "*the* proximate cause" of the deaths of plaintiff's decedents. MCR 2.116(C)(7) and MCR 2.116(C)(10).[3]

In *Robinson v Detroit*, 462 Mich 439; 613 NW2d 307 (2000), our Supreme Court held that the phrase "the proximate cause" contained in the governmental immunity act, MCL 691.1407(2), means *the* proximate cause, not *a* proximate cause. Further, the *Robinson* Court defined "the proximate cause" as "the most immediate, efficient, and direct cause preceding an injury, not 'a proximate cause.' " *Id.* at 445-446.

---

pursuant to the lower court's order of September 11, 2001, plaintiff was afforded an opportunity to amend her complaint to cure this pleading deficiency.

[2] For purposes of his motion for summary disposition, defendant Childs concedes that his conduct may amount to gross negligence. Accordingly, the only issue on appeal regarding the governmental immunity statute is whether plaintiff provided sufficient documentary evidence for a reasonable trier of fact to conclude that defendant Childs's conduct was the proximate cause of the children's deaths. Defendant Childs does not argue that he is entitled to absolute tort immunity as the highest appointive executive official of the township fire department. MCL 691.1407(5). Cf. *Payton v Detroit*, 211 Mich App 375, 394; 536 NW2d 233 (1995), and *Meadows v Detroit*, 164 Mich App 418, 426-427; 418 NW2d 100 (1987).

[3] In opposing defendant's motion for summary disposition based on MCR 2.116(C)(7) and MCR 2.116(C)(8), plaintiff submitted documentary evidence that was relied upon by the trial court. Because the factual basis of plaintiff's complaint was ruled on by the lower court, we review the order as having been granted under MCR 2.116(C)(7) and MCR 2.116(C)(10). *Shirilla v Detroit*, 208 Mich App 434; 528 NW2d 763 (1995). See also *Fane v Detroit Library Comm'r*, 465 Mich 68, 74; 631 NW2d 678 (2001).

The majority concludes, for purposes of withstanding the motion for summary disposition, that plaintiff presented sufficient documentary evidence that defendant Childs's gross negligence in fighting the fire may have been "the proximate cause" of the children's deaths, rather than the fire itself. I disagree.

In opposing the motion for summary disposition, plaintiff relied heavily on the affidavit of John Soave. In his affidavit, Soave stated that defendant Childs drove the fire engine to a fire hydrant approximately one block away from the burning house, although there was another fire hydrant located directly across the street from the fire scene. Further, "had Mr. Child's [sic] hooked up to that fire hydrant directly in front of the house, time would have been saved and I would likely have had more time to save the plaintiff's decedents." In his affidavit, Soave was also critical of the firefighting strategy employed by Childs once the fire hose was finally connected at the scene. In hindsight, Soave opined[4] that the fire suppression efforts directed at the front of the house "caused the fire in the front of the house to be pushed towards the rear of the house where plaintiff's decedents were located." Finally, he speculated that "the actions of Jeffrey Childs increased the danger to the plaintiff's decedents and prevented me from rescuing the children."

After reviewing the facts in a light most favorable to plaintiff, I conclude "the most immediate, efficient, and direct cause," *Robinson, supra* at 459, of the tragic deaths of plaintiff's children was the fire itself,[5] not defendant's alleged gross negligence in fighting it.

---

[4] The qualifications of John Soave as an expert witness were never established.

[5] If it were proven that an arsonist started the fire, the arsonist may be the proximate cause of the deaths.

Plaintiff's original, amended, and second amended complaints, in effect, concede that the fire was the proximate cause of the deaths: "That on April 6, 2000, a fire occurred at the residence of plaintiff and decedents. *That the decedents died as a result of said fire.*" (Emphasis added.)

Although the alleged gross negligence of defendant Childs in fighting the fire may have been a "substantial factor," *Brisboy v Fibreboard Corp*, 429 Mich 540, 547-548; 418 NW2d 650 (1988), in causing the deaths, in my view, its causal connection is insufficient to meet the governmental immunity threshold standard of "the" proximate cause.

In this regard, the present case bears similarities to *Kruger v White Lake Twp*, 250 Mich App 622; 648 NW2d 660 (2002), where our Court held, as a matter of law, that the alleged gross negligence of the township police department was not the proximate cause of a decedent's death. In *Kruger*, the plaintiff called the township police department and requested that her daughter be taken into custody because her daughter was intoxicated and could pose a danger to herself and others. Thereafter, the plaintiff's daughter was transported to the township police department and placed alone in a holding cell. She later escaped, fled from the police, and ran into heavy traffic on Highway M-59, where she was tragically struck and killed by an automobile. In affirming the grant of summary disposition in favor of the defendant police department, we held:

> In the instant case, there were several other more direct causes of Katherine's injuries than defendant officers' conduct, e.g., her escape and flight from the police station, her running onto M-59 and into traffic, and the unidentified driver hitting plaintiff's decedent. Any gross negligence on defendant officers' part is too remote to be "the"

proximate cause of Katherine's injuries. As a result, the officers are immune from liability. [*Id.* at 627.]

See also *Poppen v Tovey*, 256 Mich App 351; 357 n 2; 664 NW2d 269 (2003), and *Curtis v City of Flint*, 253 Mich App 555; 655 NW2d 791 (2002).

For these reasons, I would hold that defendant Childs is immune from tort liability for plaintiff's state law claims pursuant to the governmental immunity statute, MCL 691.1407(2). The circuit court erred in denying the motion for summary disposition on this basis.[6]

I would remand for dismissal of all claims.

---

[6] I agree with the majority that, pursuant to *Beaudrie v Henderson*, 465 Mich 124; 631 NW2d 308 (2001), defendant Childs is not afforded common-law immunity under the public duty doctrine.