684 N.W.2d 894 (2004)
262 Mich.App. 48
Marie DEAN, Personal Representative of the Estates of Taleigha Marie Dean, Deceased, Aaron John Dean, Deceased, Craig Logan Dean, Deceased, and Eugene Sylvester, Deceased, Plaintiff-Appellee,
v.
Jeffrey CHILDS and Charter Township of Royal Oak, Defendants-Appellants.
Docket No. 244627.
Court of Appeals of Michigan.
Submitted April 13, 2004, at Detroit.
Decided May 13, 2004, at 9:05 a.m.
Released for Publication July 21, 2004.
*896 Boyer & Dawson, P.C. (by William G. Boyer, Jr.), Sterling Heights, for the plaintiff.
Garan Lucow Miller, P.C. (by Rosiland Rochkind and Roger A. Smith), Detroit, for the defendants.
Before: COOPER, P.J., and GRIFFIN and BORRELLO, JJ.
COOPER, P.J.
Defendants Jeffrey Childs and the Charter Township of Royal Oak (the township) appeal by leave granted, following remand from our Supreme Court, the trial court's order partially denying their motion for summary disposition.[1] We affirm the trial court's denial of Childs's motion with regard to the state law claims, reverse the denial of the township's motion with regard to the failure to train claim pursuant to 42 USC 1983, and remand for further proceedings.

I. Facts and Procedural History
On April 6, 2000, plaintiff's home in Royal Oak Township was set on fire, allegedly by an arsonist. The fire was initially limited to the front of the house. Plaintiff successfully escaped while a firefighter attempted to rescue her four children, who were trapped in the rear of the home. Childs[2] ignored a fire hydrant directly across the street from the burning home, choosing instead to connect to a hydrant a *897 block away. Although Childs was informed of the rescue attempt at the rear of the home, he ordered the fire crew to fight the fire by shooting water at the front of the home. This action immediately forced the fire and smoke toward the rear of the home. Plaintiff claims that the action destroyed any hope of rescuing the children. All four children perished in the fire.
In her third amended complaint, plaintiff alleged that Childs was grossly negligent and that his actions were the proximate cause of her children's deaths. Specifically, plaintiff alleged that Childs took "affirmative actions that significantly increased the risk of danger" to plaintiff by driving to a distant fire hydrant and by preventing the rescue of the Dean children by forcing the fire toward the rear of the house. Plaintiff further alleged that both defendants deprived her of life and liberty without due process of law in violation of the Fourteenth Amendment and 42 USC 1983, and that their actions showed "deliberate indifference to the risk of injury or death" and the safety of others. Specifically, plaintiff alleged that the township knowingly failed to adequately staff, fund, and train its fire department.
Defendants thereafter moved for summary disposition pursuant to MCR 2.116(C)(7) and MCR 2.116(C)(8), which the trial court granted in part.[3] The trial court dismissed all claims against Childs under 42 USC 1983, because "there was no clearly established constitutional right to any particular level of competence in fighting fires."[4] The trial court also dismissed plaintiff's § 1983 claims against the township regarding its failure to adequately fund and staff its fire department. Plaintiff's failure to train claim against the township was left intact, as that issue "was not raised or addressed" in defendant's motion for summary disposition. The trial court denied defendants' motion with regard to the state law wrongful death claims against Childs.[5]

II. Legal Analysis
We review a trial court's determination regarding a motion for summary disposition de novo.[6] A motion under MCR 2.116(C)(7) "tests whether a claim is barred because of immunity granted by law, and requires consideration of all documentary evidence filed or submitted by the parties."[7] A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the pleadings alone and should be granted only if the factual development of the claim could not justify recovery.[8]

A. 42 USC 1983
The power of citizens to sue the state for a deprivation of their civil rights is granted in 42 USC 1983. The statute provides in part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes *898 to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.[[9]]
The only remaining claim pursuant to § 1983 is that the township deprived plaintiff of life and liberty without due process of law under the Fourteenth Amendment in that its failure to properly train its fire department was the proximate cause of her children's deaths.
To establish a § 1983 claim, the facts, viewed in the light most favorable to the plaintiff, must show that a constitutional violation occurred.[10] If a violation is found, the court must then determine "whether the violation involved `clearly established constitutional rights of which a reasonable person would have known.'"[11] If no constitutional violation occurred, the defendant has qualified immunity from liability.[12] "Qualified immunity is `an entitlement not to stand trial or face the other burdens of litigation.'"[13]
The township asserts that plaintiff has failed to show a constitutional violation based on the United States Supreme Court's decision in DeShaney v. Winnebago Co Dep't of Social Services.[14] According to DeShaney, the Due Process Clause does not confer an affirmative right to governmental aid, including protective services, even if the aid is necessary to secure life, liberty or property.[15] There are two exceptions to this general rule. First, when the government places a person in custody, thereby preventing him from protecting himself, a special relationship is created. This special relationship places the government under a heightened duty to protect that person.[16] Second, the government has a duty to protect under the "state-created danger theory" when the government either created the danger or took actions rendering the person more vulnerable to the danger.[17]
Plaintiff's claim clearly does not fall into the first DeShaney exception, as the Dean children were not in the custody of the township at the time of their deaths. Therefore, the issue before us is whether the township created the danger or rendered plaintiff more vulnerable to harm by failing to adequately train its fire department. To establish a claim under the state-created danger theory, a plaintiff must show
1) an affirmative act by the state which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party; 2) a special danger to the plaintiff wherein the state's actions placed the plaintiff specifically at risk, as distinguished from a risk that affects the public at large; and 3) the state knew or should have known *899 that its actions specifically endangered the plaintiff.[[18]]
The Sixth Circuit has held that the failure to act cannot form an affirmative act to support a state-created danger.[19] However, the United States Supreme Court has held that a municipality may be liable under § 1983 for the failure to train municipal employees under certain circumstances.[20] In Canton v. Harris, the Supreme Court held "that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."[21] The inadequate training must represent a "city policy," which the Harris Court described as follows:
It may seem contrary to common sense to assert that a municipality will actually have a policy of not taking reasonable steps to train its employees. But it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need. In that event, the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury.[[22]]
Although the plaintiff in Harris was in police custody, failure to train has since been recognized as a valid cause of action in noncustodial situations.[23] However, in a noncustodial situation, the government action often relates to an emergency service, which must, by necessity, be carried out quickly without deliberation.[24] The standard is, therefore, much higher than deliberate indifference. A plaintiff must prove that the government action showed an affirmative intent to cause harm.[25] Unfortunately, plaintiff failed to properly plead her § 1983 claim regarding the township's failure to train its fire department. Plaintiff alleged that the township's actions showed "deliberate indifference" to the safety of others. This standard is insufficient to meet the burdensome requirements of a § 1983 state-created danger claim in a noncustodial situation. *900 Therefore, we are compelled to reverse the trial court's partial denial of summary disposition with regard to the township.

B. State Law Claims
As we noted supra, the trial court denied Childs's motion for summary disposition with regard to plaintiff's state law wrongful death claims. Childs asserted both a statutory and common-law basis for immunity from liability.
Under MCL 691.1407(2), a municipal employee is immune from tort liability if: (1) the employee reasonably believes that his actions are within the scope of his authority; (2) the employee is discharging a governmental function; and (3) the employee's "conduct does not amount to gross negligence that is the proximate cause of the injury or damage."[26] "Gross negligence" is defined in the statute as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results."[27]
Plaintiff presented evidence of Childs's gross negligence through the affidavit of firefighter John Soave. Soave stated that Childs ignored a fire hydrant in the immediate area in favor of one a block away and ordered water shot at the front of the home, forcing fire and smoke into the rear of the home despite the knowledge that a firefighter was attempting to rescue the children from that area. This conduct can fairly be described as "so reckless as to demonstrate a substantial lack of concern for whether an injury results."
Furthermore, plaintiff presented evidence that Childs's conduct was "the proximate cause" of the children's deaths. "The proximate cause" has been defined as "the one most immediate, efficient, and direct cause preceding an injury, not `a proximate cause.' "[28] Soave stated in his affidavit that Childs caused the fire "to be pushed" toward the children and prevented the rescue attempt. While it is likely that the arsonist was "a proximate cause" of the children's deaths, plaintiff's evidence, if proven, would show that the children would have survived the fire if Childs had not acted in a grossly negligent manner. As the factual development of plaintiff's claim may justify recovery, the trial court properly denied Childs's motion for summary disposition on the ground of statutory immunity.
Childs claims common-law immunity under the public duty doctrine. Our Supreme Court has defined the public duty doctrine as follows:
[I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed, if at all, in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it, or to perform it properly, is an individual wrong, and may support an individual action for damages.[[29]]
In Beaudrie v. Henderson, our Supreme Court expressly limited the protection of the public duty doctrine to police officers.[30] The liability of all other municipal employees "should be determined using traditional *901 tort principles without regard to the defendant's status as a government employee."[31] Therefore, Childs is not entitled to the protection of this doctrine and the trial court properly denied his motion for summary disposition on the ground of common law immunity.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
BORRELLO, J., concurred.
GRIFFIN, J. (concurring in part and dissenting in part.).
I agree with the majority that plaintiff's third amended complaint fails to state a claim on which relief can be granted under 42 USC 1983. Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); DeShaney v. Winnebago Co. Dep't of Social Services, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989); Monell v. New York City Dep't of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Accordingly, I concur in the result of reversing the partial denial of defendant Charter Township of Royal Oak's motion for summary disposition. MCR 2.116(C)(7) and MCR 2.116(C)(8).[1]
However, in regard to plaintiff's state law claims, I respectfully dissent. In my view, the township acting fire chief, defendant Jeffrey Childs, is immune from liability pursuant to MCL 691.1407(2) because the factual support for plaintiff's allegations is insufficient for a reasonable juror to conclude that the alleged gross negligence[2] of defendant Childs was "the proximate cause" of the deaths of plaintiff's decedents. MCR 2.116(C)(7) and MCR 2.116(C)(10).[3]
In Robinson v. Detroit, 462 Mich. 439, 613 N.W.2d 307 (2000), our Supreme Court held that the phrase "the proximate cause" contained in the governmental immunity act, MCL 691.1407(2), means the proximate cause, not a proximate cause. Further, the Robinson Court defined "the proximate cause" as "the most immediate, *902 efficient, and direct cause preceding an injury, not `a proximate cause.'" Id. at 445-446, 613 N.W.2d 307.
The majority concludes, for purposes of withstanding the motion for summary disposition, that plaintiff presented sufficient documentary evidence that defendant Childs's gross negligence in fighting the fire may have been "the proximate cause" of the children's deaths, rather than the fire itself. I disagree.
In opposing the motion for summary disposition, plaintiff relied heavily on the affidavit of John Soave. In his affidavit, Soave stated that defendant Childs drove the fire engine to a fire hydrant approximately one block away from the burning house, although there was another fire hydrant located directly across the street from the fire scene. Further, "had Mr. Child's [sic] hooked up to that fire hydrant directly in front of the house, time would have been saved and I would likely have had more time to save the plaintiff's decedents." In his affidavit, Soave was also critical of the firefighting strategy employed by Childs once the fire hose was finally connected at the scene. In hindsight, Soave opined[4] that the fire suppression efforts directed at the front of the house "caused the fire in the front of the house to be pushed towards the rear of the house where plaintiff's decedents were located." Finally, he speculated that "the actions of Jeffrey Childs increased the danger to the plaintiff's decedents and prevented me from rescuing the children."
After reviewing the facts in a light most favorable to plaintiff, I conclude "the most immediate, efficient, and direct cause," Robinson, supra at 459, 613 N.W.2d 307, of the tragic deaths of plaintiff's children was the fire itself,[5] not defendant's alleged gross negligence in fighting it. Plaintiff's original, amended, and second amended complaints, in effect, concede that the fire was the proximate cause of the deaths: "That on April 6, 2000, a fire occurred at the residence of plaintiff and decedents. That the decedents died as a result of said fire." (Emphasis added.)
Although the alleged gross negligence of defendant Childs in fighting the fire may have been a "substantial factor," Brisboy v. Fibreboard Corp., 429 Mich. 540, 547-548, 418 N.W.2d 650 (1988), in causing the deaths, in my view, its causal connection is insufficient to meet the governmental immunity threshold standard of "the" proximate cause.
In this regard, the present case bears similarities to Kruger v. White Lake Twp., 250 Mich.App. 622, 648 N.W.2d 660 (2002), where our Court held, as a matter of law, that the alleged gross negligence of the township police department was not the proximate cause of a decedent's death. In Kruger, the plaintiff called the township police department and requested that her daughter be taken into custody because her daughter was intoxicated and could pose a danger to herself and others. Thereafter, the plaintiff's daughter was transported to the township police department and placed alone in a holding cell. She later escaped, fled from the police, and ran into heavy traffic on Highway M-59, where she was tragically struck and killed by an automobile. In affirming the grant of summary disposition in favor of the defendant police department, we held:
In the instant case, there were several other more direct causes of Katherine's injuries than defendant officers' conduct, *903 e.g., her escape and flight from the police station, her running onto M-59 and into traffic, and the unidentified driver hitting plaintiff's decedent. Any gross negligence on defendant officers' part is too remote to be "the" proximate cause of Katherine's injuries. As a result, the officers are immune from liability. [Id. at 627, 648 N.W.2d 660.]
See also Poppen v. Tovey, 256 Mich.App. 351, 357 n. 2, 664 N.W.2d 269 (2003), and Curtis v. City of Flint, 253 Mich.App. 555, 655 N.W.2d 791 (2002).
For these reasons, I would hold that defendant Childs is immune from tort liability for plaintiff's state law claims pursuant to the governmental immunity statute, MCL 691.1407(2). The circuit court erred in denying the motion for summary disposition on this basis.[6]
I would remand for dismissal of all claims.
NOTES
[1] We denied defendants' application for leave to appeal in Dean v. Ford, unpublished order of the Court of Appeals, issued August 2, 2002 (Docket No. 240573). In lieu of granting leave to appeal, the Supreme Court remanded the matter to this Court in Dean v. Ford, 467 Mich. 898, 654 N.W.2d 327 (2002).
[2] At the time, the position of fire chief was vacant. Childs was the Shift Supervisor and the top appointed official due to the vacancy.
[3] We note that plaintiff has not challenged those rulings adverse to her.
[4] Opinion and order granting summary disposition, p. 2, citing Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).
[5] Opinion and order granting summary disposition; opinion and order clarifying opinion and order granting summary disposition.
[6] Beaudrie v. Henderson, 465 Mich. 124, 129, 631 N.W.2d 308 (2001).
[7] Maskery v. Univ. of Michigan Bd. of Regents, 468 Mich. 609, 613, 664 N.W.2d 165 (2003), quoting Glancy v. Roseville, 457 Mich. 580, 583, 577 N.W.2d 897 (1998).
[8] Beaudrie, supra at 129-130, 631 N.W.2d 308.
[9] 42 USC 1983.
[10] Ewolski v. Brunswick, 287 F.3d 492, 501 (C.A.6, 2002).
[11] Id.
[12] Saucier, supra at 201, 121 S.Ct. 2151.
[13] Id. at 200, 121 S.Ct. 2151, quoting Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).
[14] DeShaney v. Winnebago Co. Dep't of Social Services, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).
[15] Id. at 196, 109 S.Ct. 998.
[16] Id. at 198-200, 109 S.Ct. 998.
[17] Id. at 201, 109 S.Ct. 998.
[18] Cartwright v. Marine City, 336 F.3d 487, 493 (C.A.6, 2003), citing Kallstrom v. Columbus, 136 F.3d 1055, 1066 (C.A.6, 1998).
[19] Id., citing Sargi v. Kent City Bd. of Ed., 70 F.3d 907, 912-913 (C.A.6, 1995).
[20] Canton v. Harris, 489 U.S. 378, 380, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).
[21] Id. at 388, 109 S.Ct. 1197.
[22] Id. at 390, 109 S.Ct. 1197 (internal footnotes omitted).
[23] See Holiday v. Kalamazoo, 255 F Supp 2d 732, 736 (W.D.Mich., 2003), citing Berry v. Detroit, 25 F.3d 1342, 1345 (C.A.6, 1994) (involving allegation that city's failure to train regarding use of deadly force resulted in individual's death during an arrest), Russo v. Cincinnati, 953 F.2d 1036, 1045-1046 (C.A.6, 1992) (involving allegations that individual's death during arrest resulted from city's inadequate training regarding the mentally ill and the use of excessive force); Hill v. McIntyre, 884 F.2d 271 (C.A.6, 1989) (involving allegations that the city failed to properly train its officers in the method of obtaining search warrants).
[24] Bukowski v. Akron, 326 F.3d 702, 710 (C.A.6, 2003).
[25] See Sacramento v. Lewis, 523 U.S. 833, 854, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (government action must show intent to harm or worsen condition); Claybrook v. Birchwell, 199 F.3d 350, 359 (C.A.6, 2000) (government actions must have been malicious, sadistic, and "for the very purpose of causing harm").
[26] MCL 691.1407(2).
[27] MCL 691.1407(2)(c).
[28] Robinson v. Detroit, 462 Mich. 439, 445-446, 613 N.W.2d 307 (2000).
[29] White v. Beasley, 453 Mich. 308, 316, 552 N.W.2d 1 (1996), quoting 2 Cooley, Torts (4th ed.), § 300, pp. 385-386.
[30] Beaudrie, supra at 134, 631 N.W.2d 308.
[31] Id.
[1] Plaintiff's third amended complaint is conclusory, only, in regard to the claim that defendant township acted with "deliberate indifference" in the training of its firefighters. Under our fact-based pleading rules, MCR 2.111(B)(1), plaintiff's factually unsupported conclusions are inadequate to state a claim on which relief can be granted. Stann v. Ford Motor Co., 361 Mich. 225, 232-233, 105 N.W.2d 20 (1960); Binder v. Consumers Power Co., 77 Mich.App. 343, 346-347, 258 N.W.2d 221 (1977). Significantly, pursuant to the lower court's order of September 11, 2001, plaintiff was afforded an opportunity to amend her complaint to cure this pleading deficiency.
[2] For purposes of his motion for summary disposition, defendant Childs concedes that his conduct may amount to gross negligence. Accordingly, the only issue on appeal regarding the governmental immunity statute is whether plaintiff provided sufficient documentary evidence for a reasonable trier of fact to conclude that defendant Childs's conduct was the proximate cause of the children's deaths. Defendant Childs does not argue that he is entitled to absolute tort immunity as the highest appointive executive official of the township fire department. MCL 691.1407(5). Cf. Payton v. Detroit, 211 Mich.App. 375, 394, 536 N.W.2d 233 (1995), and Meadows v. Detroit, 164 Mich.App. 418, 426-427, 418 N.W.2d 100 (1987).
[3] In opposing defendant's motion for summary disposition based on MCR 2.116(C)(7) and MCR 2.116(C)(8), plaintiff submitted documentary evidence that was relied upon by the trial court. Because the factual basis of plaintiff's complaint was ruled on by the lower court, we review the order as having been granted under MCR 2.116(C)(7) and MCR 2.116(C)(10). Shirilla v. Detroit, 208 Mich.App. 434, 528 N.W.2d 763 (1995). See also Fane v. Detroit Library Comm'r, 465 Mich. 68, 74, 631 N.W.2d 678 (2001).
[4] The qualifications of John Soave as an expert witness were never established.
[5] If it were proven that an arsonist started the fire, the arsonist may be the proximate cause of the deaths.
[6] I agree with the majority that, pursuant to Beaudrie v. Henderson, 465 Mich. 124, 631 N.W.2d 308 (2001), defendant Childs is not afforded common-law immunity under the public duty doctrine.