DOWNS v SAPERSTEIN ASSOCIATES CORPORATION
SHANNON v HARRIS
AUSBY v SAPERSTEIN ASSOCIATES CORPORATION

Docket Nos. 248360, 248361, 248362. Submitted October 12, 2004, at
Detroit. Decided February 15, 2005. Approved for publication April
14, 2005, at 9:00 a.m.

Kimberly Downs, Maruel Eggleston, Hester Shannon, and Kimberly
Ausby, each as the personal representative of a decedent's estate or
as the next friend of an injured minor, brought actions in the
Wayne Circuit Court against Ronald Nauman, chief of the fire
fighting division of the Detroit Fire Department and others,
seeking damages for the wrongful deaths of the decedents and the
injury of the minor in an apartment fire. Nauman died, and Robert
W. Kirk, personal representative of Nauman's estate, was substi-
tuted in place of Nauman. Kirk (defendant) moved for summary
disposition in each case, arguing that the claims are barred by
governmental immunity. The court, William J. Giovan, J., denied
the motions. The defendant appealed in each case, and the Court
of Appeals consolidated the appeals.

The Court of Appeals held:

The trial court erred in denying summary disposition for the
defendant because Nauman owed no duty to the injured parties
and was entitled to governmental immunity. Summary disposition
of a tort claim brought under the gross negligence exception to
governmental immunity, MCL 691.1407(2)(c), is warranted if the
plaintiff fails to establish a duty on the part of the defendant. A
duty may be created expressly by statute, or it may arise under the
common law. In this case, the relevant provisions of the Detroit
city charter do not create a duty on the part of the chief of the fire
fighting division and there is no common-law duty owed by
Nauman. Nauman had never spoken to, dealt with, or met the
victims of the fire. The injured parties had not turned themselves
over to Nauman for all their fire protection and they were not
completely incapable of protecting themselves, so no special rela-
tionship existed, without which the Court of Appeals may not
impose a duty.

Reversed and remanded for entry of orders of summary disposition in favor of the defendant.

GOVERNMENTAL IMMUNITY — GROSS NEGLIGENCE — DUTY — SUMMARY DISPOSITION.

Summary disposition of a tort claim brought under the gross negligence exception to governmental immunity is warranted if the plaintiff fails to establish a duty on the part of the defendant; a duty may be created expressly by statute, or it may arise under the common law (MCL 691.1407[2]).

*Fieger, Fieger, Kenney & Johnson, P.C.* (by *Geoffrey N. Fieger, Arnie J. Matusz,* and *Tammy J. Reiss*), for the plaintiffs.

*Ruth C. Carter,* Corporation Counsel, *Joanne D. Stafford,* Supervising Assistant Corporation Counsel, and *John A. Schapka,* Assistant Corporation Counsel, and *Jacob Schwarzberg* for Robert W. Kirk.

Before: WILDER, P.J., and HOEKSTRA and OWENS, JJ.

PER CURIAM. In these wrongful death actions, Ronald W. Kirk, as the personal representative of the estate of Ronald Nauman, deceased, (defendant) appeals as of right the order denying his three motions for summary disposition under MCR 2.116(C)(7). We reverse and remand for entry of an order granting defendant summary disposition in each case.

I

These consolidated appeals arise from a fire that occurred on April 1, 2000, on the eighth floor of an apartment building. Initially, the Detroit Fire Department dispatched two trucks as a "still alarm," for investigative purposes. One of these trucks was originally an aerial ladder truck; however, the aerial ladder was condemned because of a leak in the hydraulic

system on March 20, 2000. The truck remained in service to haul manpower and equipment. Upon arrival of the two trucks, additional fire trucks were immediately dispatched, and additional requests for vehicles were sent on third and fourth alarms. Ultimately, smoke inhalation caused the deaths of Annette Eggleston (Docket No. 248360), Jeannette Ausby (Docket No. 248362), and Norfessia Shannon and her daughter, Au Jane Wright (Docket No. 248361). Norfessia Shannon's second daughter, Daree Shannon, jumped from an eighth-floor window. She survived; however, her injuries from the fall resulted in quadriplegia.

The personal representatives of the estates of the deceased and the next friend of the injured minor (plaintiffs) filed suit against Ronald Nauman, chief of the fire fighting division of the Detroit Fire Department, who subsequently died. Defendant, as the personal representative of Nauman's estate, moved for summary disposition under MCR 2.116(C)(7) in each case, arguing that Nauman was entitled to governmental immunity. The trial court denied the motions, determining that issues of fact remained relating to duty and causation. These appeals by defendant ensued.

II

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Glancy v Roseville*, 457 Mich 580, 583; 577 NW2d 897 (1998). MCR 2.116(C)(7) tests whether a claim is barred by immunity granted by law. This Court must consider all documentary evidence submitted by the parties. *Id.*, citing *Wade v Dep't of Corrections*, 439 Mich 158, 162; 483 NW2d 26 (1992). The plaintiff's pleadings are accepted as true and construed in his favor. *Gilliam v Hi Temp Products, Inc,* 260 Mich App 98, 109; 667 NW2d 856 (2003). When the material facts are not disputed, the issue becomes

whether the defendant is entitled to a judgment based on immunity as a matter of law. *Id.* The question whether a party owes an actionable legal duty is a question of law, which this Court reviews de novo. *Cipri v Bellingham Frozen Foods, Inc,* 235 Mich App 1, 14; 596 NW2d 620 (1999).

' III

Defendant first argues that Nauman owed no duty to the injured parties and was entitled to governmental immunity. We agree.

MCL 691.1407(2)(c) governs the gross negligence exception to the general tort liability immunity enjoyed by government employees. "Under MCL 691.1407(2), a municipal employee is immune from tort liability if: (1) the employee reasonably believes that his actions are within the scope of his authority; (2) the employee is discharging a governmental function; and (3) the employee's 'conduct does not amount to gross negligence that is the proximate cause of the injury or damage.' " *Dean v Childs,* 262 Mich App 48, 57; 684 NW2d 894 (2004), quoting MCL 691.1407(2)(c). The statute defines "gross negligence" as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(2)(c).

Summary disposition of a gross negligence claim pursued under MCL 691.1407(2) is warranted if the plaintiff fails to establish a duty in tort. *Beaudrie v Henderson,* 465 Mich 124, 130; 631 NW2d 308 (2001). A duty may be created expressly by statute, or it may arise under the common law. *Walker v City of Flint,* 213 Mich App 18, 22: 539 NW2d 535 (1995).

Plaintiffs claim that Nauman's statutory duty arose from the Detroit Home Rule Charter. Specifically, plaintiffs cite §§ 7-802 and 7-803, which provide:

Sec. 7-802. Departmental divisions.

Subject to the approval of the mayor, the fire commissioner shall appoint a chief of the fire department from the board of fire chiefs of the fire fighting division. The chief serves at the pleasure of the fire commissioner. The chief shall serve as the director of operations for the fire fighting division.

Two deputy fire chiefs shall be appointed by the fire commissioner from the ranks of the assistant chiefs and serve at the pleasure of the fire commissioner.

A fire marshal shall be appointed by and serve at the pleasure of the fire commissioner.

Sec. 7-803. Duties.

The fire department shall protect life and property from fire and enforce all laws, ordinances and regulations relating to fire prevention and safety within the city.

Plaintiffs argue that these sections create a legal duty on the part of the fire chief to protect all citizens of Detroit from fire and to make sure that the fire equipment is in working order. The prevailing rules of statutory construction apply to home rule charters. *Detroit v Walker*, 445 Mich 682, 690-691; 520 NW2d 135 (1994).

We find that the plain and unambiguous language of the charter does not create a duty on the part of the chief of the fire fighting division. As it concerns the fire chief, § 7-802 does nothing more than describe the fact that the charter creates this position. Section 7-803 specifically states that the fire department "shall protect life and property" and makes no reference to the position or duties of the fire chief. As such, by their plain language, neither section creates a duty applicable to the fire chief.

Plaintiffs also cannot show a common-law duty owed by Nauman to the decedents and Daree Shannon. It is

undisputed that Nauman never met, spoke, or dealt with the decedents or Shannon. It is undisputed that Nauman did not go to the fire scene and did not participate in the firefighting or in any decision relating to the fire on that day. Generally, absent a special relationship, a party has no duty to take actions to benefit a third party. *Murdock v Higgins*, 454 Mich 46, 54; 559 NW2d 639 (1997). Plaintiffs argue that such a special relationship existed because the injured parties entrusted themselves to the Detroit Fire Department for their fire protection, and that, as chief of the fire fighting division, Nauman was equally entrusted with their fire protection. However, special relationships only exist where a party entrusts himself to the protection and control of another and, in doing so, that party loses the ability to protect himself. There is no evidence, and plaintiffs do not argue, that the injured parties completely turned themselves over to Nauman for all their fire protection or that they were completely incapable of protecting themselves, and, therefore, no special relationship existed. Without a special relationship, this Court may not impose a duty. *Id.* at 54-55.

In the absence of a duty, the trial court erred by denying summary disposition for the defendant on the gross negligence claims. *Beaudrie, supra* at 130. Because of our resolution of this issue, it is unnecessary for us to address the remaining arguments raised on appeal.

Reversed and remanded for the entry of orders granting summary disposition in defendant's favor. We do not retain jurisdiction.