*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEBORAH KING,

        Plaintiff-Appellant,

v

DORCHESTER COURT LIMITED DIVIDEND
HOUSING ASSOCIATION LIMITED
PARTNERSHIP aka and d/b/a DORCHESTER
COURT aka and d/b/a DORCHESTER COURT
ASSOCIATION aka and d/b/a DORCHESTER
APARTMENTS and SINGER MANAGEMENT,
LLC,

        Defendants-Appellees.

UNPUBLISHED
October 08, 2024
11:03 AM

No. 367064
St. Clair Circuit Court
LC No. 22-000917-NO

Before: CAMERON, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff sued her apartment complex after an employee illegally entered her apartment and stole medication. The trial court dismissed plaintiff's claims on the basis that the employee's actions were not reasonably foreseeable and that defendants did not have a duty. We affirm.

In February 2020, another resident of plaintiff's apartment complex told her that he thought some of his medications were missing. Plaintiff found that some of her medication was missing, so she purchased a surveillance camera and put it up in her apartment. Soon after, plaintiff was out of her apartment and got an alert on her phone that somebody was inside her apartment. Plaintiff saw on the video footage that the building manager, Aubrey Stevens, entered plaintiff's apartment and went to the kitchen cupboard where plaintiff kept her medications. When plaintiff got home, more pills were missing. Plaintiff reported the incident to police, and Stevens was later arrested and pleaded guilty to an unspecified charge related to the offense.

Plaintiff sued defendants for negligence, invasion of privacy, intentional infliction of emotional distress, and stalking. Plaintiff alleged that defendants were liable for Stevens's actions under the theory of respondeat superior.

-1-

Information in discovery showed that, in April 2018, another apartment resident, Sally Finch, had reported to police that Stevens had entered her apartment without permission. Finch reported that she had been having noise issues with the tenant above her. Finch did not notice anything missing or out of place in her apartment. Stevens reported that Finch had been having issues with a loud neighbor, and she had gone inside to investigate when she thought that she heard a noise. Stevens admitted that she had made a mistake by going inside. Finch ultimately did not want Stevens to be charged related to the incident. Defendants gave Stevens a warning for failing to comply with policy by entering the apartment without permission or providing notice and not reporting to defendants when the police were called.

At her deposition in this case, plaintiff briefly referred to two other residents who had mentioned Stevens entering their apartments. There is no evidence in the record that defendants were aware of these purported enterings by Stevens.

Defendants moved for summary disposition under MCR 2.116(C)(8) and (10). In response, plaintiff conceded that the stalking claim should be dismissed. Plaintiff argued, however, that defendants were liable on the other claims under a theory of respondeat superior because they were on notice of Stevens's behavior of "inappropriate entry into apartments" after she entered Finch's apartment in 2018. Plaintiff further argued that defendants were liable for negligence because Stevens's actions were clearly foreseeable and the master-key system and security cameras were "well-known needs."

After a hearing, the trial court granted defendants' motion. The trial court found that there was no evidence that defendants were on notice of Stevens's propensity to steal or engage in criminal behavior or that "she had a drug problem." The trial court also found that defendants did not have a duty to implement the security measures that plaintiff identified. The trial court did not address damages.

Plaintiff now appeals.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St. Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020). Because the trial court considered matters outside the four corners of plaintiff's complaint, we review plaintiff's claims through the lens of MCR 2.116(C)(10). "When deciding a motion for summary disposition under MCR 2.116(C)(10), we consider the evidence submitted in a light most favorable to the nonmoving party." *Payne v Payne*, 338 Mich App 265, 274; 979 NW2d 706 (2021). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632 (cleaned up). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (cleaned up).

"The general rule of respondeat superior is that an employer is not liable for the torts of its employees who act outside the scope of their employment." *Zsigo v Hurley Medical Ctr*, 475 Mich 215, 217; 716 NW2d 220 (2006). An act "within the scope of employment" is one in which the employee is "engaged in the service of his master, or while about his master's business." *Hamed v Wayne Co*, 490 Mich 1, 11; 803 NW2d 237 (2011) (cleaned up). An act that solely

furthers an employee's interests does not fall within the scope of employment. *Id*. "[T]he imposition of vicarious liability on an employer requires more than simply the exercise of some form of authority by an employee." *Id*. at 14.

There is no question, and plaintiff admits, that Stevens was not acting within the scope of her employment when she stole from plaintiff. See *id*. at 11. An employer may, however, be held liable for an "employee's conduct if the employer knew or should have known of the employee's propensities and criminal record before that employee committed an intentional tort." *Id*. at 12 (cleaned up). For liability to exist, the employer must have "had (1) actual or constructive knowledge of prior similar conduct and (2) actual or constructive knowledge of the employee's propensity to act in accordance with that conduct." *Id*. When "an employee's actions were temporally distant and the employee's recent record suggested a change in character, foreseeability would not be established." *Id*. An employer generally does not, and should not, "assume their employees are potential criminals." *Brown v Brown*, 478 Mich 545, 554; 739 NW2d 313 (2007). The foreseeability of an employee's action is distinguishable from an avoidability test that "judge[s] in hindsight whether the harm could have been avoided." *Id*. at 556.

In this case, it was not reasonably foreseeable that Stevens would improperly use the master key to enter a tenant's apartment and steal medication. See *id*. at 554-555. Plaintiff argues that defendants were aware that Stevens illegally entered Finch's apartment in 2018. Critically, however, there was no indication that Stevens stole, or attempted to steal, anything from Finch, and Finch even reported that she had had ongoing issues with a loud neighbor. Plaintiff briefly mentioned during her deposition that there were other tenants who reported that Stevens had gone into their apartments, but the testimony was cursory, at best, and there was no indication that these tenants had reported anything to defendants before Stevens entered plaintiff's apartment. Plaintiff did not speak with defendants about her concerns, and she did not know whether other residents did.

Plaintiff asserts that the trial court considered the case too narrowly, because she did not sue due to the theft of her pills, but, rather, because of Stevens's unauthorized entry into her apartment. At most, however, defendants were aware that Stevens had, *one time*, entered an apartment for a potential sound issue, without permission from the renter or having provided notice, and failed to notify her employer when law enforcement responded. This one incident did not make it foreseeable that Stevens would improperly enter an apartment and steal medication from a resident. In *hindsight*, maybe Stevens used the noise report as a ruse to enter Finch's apartment. Liability under respondeat superior is a question of foreseeability, however, rather than one of avoidability in hindsight. See *Brown*, 478 Mich at 556.

In sum, there is no genuine issue of material fact on whether defendants had actual or constructive knowledge of Stevens engaging in prior thefts or illegal entries of apartments to seek medications, or a propensity to act in accordance with such conduct. See *Hamed*, 490 Mich at 12. Accordingly, Stevens's entrance into plaintiff's apartment and subsequent theft were not reasonably foreseeable, and the trial court did not err by finding that defendants were not liable under respondeat superior. See *id*.; *Brown*, 478 Mich at 556.

With respect to the claim that defendants had a duty to take specific precautions, the trial court did not err by finding there was no duty. To establish negligence, a plaintiff must prove that:

(1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) causation, and (4) damages. *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000). "A duty may be created expressly by statute, or it may arise under the common law." *Downs v Saperstein Assoc Corp*, 265 Mich App 696, 699; 697 NW2d 190 (2005). To determine whether a duty exists, we consider "the foreseeability of harm to the plaintiff, although the mere fact that an event is foreseeable does not impose a duty." *Brown*, 478 Mich at 553 (cleaned up). "Whether a common-law duty exists is dependent on the relationship of the parties, the foreseeability of the harm, the burden on the defendant, and the nature of the risk presented." *Dougherty v Detroit*, 340 Mich App 339, 347; 986 NW2d 467 (2021) (cleaned up).

As with the respondeat-superior claims, the lack of security cameras or key controls did not, despite plaintiff's claim, make Stevens's actions reasonably foreseeable. Although security cameras are becoming increasingly common, especially in heavily trafficked public areas, they are not so ubiquitous that their absence is a form of negligence in every circumstance. Moreover, employees and managers often have access to keys or other mechanisms to access the spaces or data of others. This does not establish plaintiff's argument that specific cameras, key systems, or other security measures were required. Therefore, the trial court did not err by finding that defendants did not owe plaintiff a duty with respect to cameras or keys in this situation.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Brock A. Swartzle