Per Curiam.
 

 In Docket No. 222904, plaintiff appeals by leave granted from the trial court’s order granting summaiy disposition in favor of defendant township and defendant officers. In Docket No. 223337, defendant township and defendant officers appeal by leave granted, advancing alternative theories in support of summaiy disposition. We affirm.
 

 In June 1997, plaintiff called the White Lake Township police and requested that her daughter, Katherine Kruger, be taken into custody. According to plaintiff, Katherine was intoxicated and posed a dan
 
 *624
 
 ger to herself and others. Katherine also had an outstanding warrant from Bloomfield Township. Katherine was arrested and transported to the White Lake Township Police Department to await transfer to Bloomfield Township. At the police station, because there was an intoxicated man already in the lone holding cell, Katherine was restrained by being handcuffed to a ballet bar in the booking room. Katherine was left alone in the room, and was eventually able to maneuver her way out of the handcuffs and escape. As she fled from the police station, she ran into traffic and was hit by an unidentified vehicle. Katherine was transported to the hospital, where she died.
 

 Plaintiff brought the instant action, alleging, inter alia, that defendant township and defendant officers were negligent. Defendants moved for summary disposition, claiming governmental immunity. Plaintiff countered defendants’ motion by arguing that defendant township was liable under the public building exception to governmental immunity, and that defendant officers were liable under the gross negligence exception to governmental immunity. The trial court granted defendants’ motion.
 

 First, plaintiff argues that summary disposition of her claim against defendant township was improper because her claim falls within the public building exception to governmental immunity. We disagree.
 

 Generally, a governmental entity is immune from tort liability for actions that accrue while it is performing a governmental function. MCL 691.1407(1). The immunity is broad, subject to a limited number of narrowly drawn exceptions.
 
 Sewell v Southfield Public Schools,
 
 456 Mich 670, 674; 576 NW2d 153 (1998).
 
 *625
 
 One of these exceptions is the “public building” exception, which provides in part:
 

 Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition. [MCL 691.1406.]
 

 Traditionally, a five-part test has been applied to determine whether this exception applies to a particular case:
 

 A plaintiff must establish that (1) a governmental agency is involved, (2) the public building in question is open for use by members of the public, (3) a dangerous or defective condition of the public building itself exists, (4) the governmental agency had actual or constructive knowledge of the alleged defect, and (5) the governmental agency failed to remedy the alleged defective condition after a reasonable period.
 
 [Sewell, supra
 
 at 675.]
 

 “[T]he public building exception applies only where the physical condition of the building itself causes the injury . . . .”
 
 Id.
 
 “[A] building may be dangerous or defective because of improper design, faulty construction, or the absence of safety devices.”
 
 Id.
 
 “[W]hether a building is dangerous or defective must be determined in light of the uses or activities for which it is assigned.”
 
 Id.
 
 “[I]n certain circumstances, the public building exception will not apply where proper supervision would have offset any shortcomings in the configuration of the room.”
 
 Id.
 
 “[W]here the essence of a
 
 *626
 
 plaintiff’s claim is negligent supervision, the plaintiff cannot properly allege a building defect merely because a superior building design would have facilitated better supervision.”
 
 Id.
 
 at 676.
 

 In this case, the trial court ruled that the public building exception did not apply because a defect in the building did not cause Katherine’s injuries. In short, the trial court found the public building exception not applicable on causation grounds. On appeal, plaintiff does not address the causation issue. Because plaintiff does not present any argument or authority showing that the trial court erred in this regard, plaintiff has not established entitlement to relief.
 

 Our review of the record leads us to conclude that plaintiff’s claim does not fall within the public building exception. The booking room was not defective in light of its intended purpose, which is the temporary detention of those in custody. The handcuffs and ballet bar provide a sufficient means of temporary restraint. Therefore, the absence of an additional holding cell, additional video surveillance, or a locked door, does not amount to a defective design. Further, there is no evidence that the ballet bar and handcuffs were in fact defective. The trial court properly granted summary disposition in favor of defendant township.
 

 With regard to plaintiff’s claim against defendant officers, summary disposition was also properly granted. Assuming without deciding that defendant officers were grossly negligent, to be held liable, their gross negligence must be “the one most immediate, efficient, and direct cause of the injury or damage, i.e., the proximate cause.” See
 
 Robinson v Detroit,
 
 
 *627
 
 462 Mich 439, 462; 613 NW2d 307 (2000); MCL 691.1407(2). It is not enough that the gross negligence be “a” proximate cause, it must be the “direct cause preceding the injury.”
 
 Robinson, supra
 
 at 462.
 

 In the instant case, there were several other more direct causes of Katherine’s injuries than defendant officers’ conduct, e.g., her escape and flight from the police station, her miming onto M-59 and into traffic, and the unidentified driver hitting plaintiff’s decedent. Any gross negligence on defendant officers’ part is too remote to be “the” proximate cause of Katherine’s injuries. As a result, the officers are immune from liability.
 

 In light of our conclusion that summary disposition was properly granted in favor of defendant township and defendant officers, we need not address the parties’ remaining allegations of error.
 

 Affirmed.