# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 2, 2007

131891

HANY F. KOULTA, Personal Representative
for the Estate of SAMI F. KOULTA, Deceased,
           Plaintiff-Appellant,
v

CITY OF CENTERLINE,
           Defendant,
and

DANIEL MERCIEZ, ROBERT WROBLEWSKI,
and STEVEN HILLA,
           Defendants-Appellees.
_____/

SC: 131891
COA: 266886
Macomb CC: 2004-005221-NO

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

      On October 4, 2007, the Court heard oral argument on the application for leave to appeal the July 6, 2006 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

      KELLY, J., dissents and states as follows:

      The Court denies leave to appeal in this case because it has construed the phrase "the proximate cause" as the "one most immediate, efficient, and direct cause of the injury" for purposes of the gross-negligence exception to governmental immunity, MCL 691.1407(2)(c).[1] I would grant leave to appeal to consider whether the gross negligence of the defendant police officers was the most direct cause of the injury here.

      Plaintiff's case has never gone to trial. If allowed to do so, plaintiff would present evidence that the defendant police officers, responding to an unwanted-person call, ordered Chrissy Lucero to leave her boyfriend's property. Lucero told the officers that she had been drinking. When she got in her car but refused to drive because she was drunk, an officer told her that she had 10 seconds to leave. She then drove away. Six minutes later, she ran a red light and killed plaintiff's decedent. Lucero had consumed two 40-ounce bottles of beer and had taken antidepressant medication. The combination caused her to black out at the time of the accident.

---

[1] See *Robinson v Detroit*, 462 Mich 439, 462 (2000).

The truth of these allegations, including what the officers should have known about Lucero's condition, constitute jury questions. However, the case cannot get to a jury if, under the current definition of "proximate cause," Lucero's act of driving while intoxicated is deemed the proximate cause of the collision. Plaintiff's position is that the proximate cause was the officers' insistence that Lucero drive while drunk.

This Court borrowed its current definition of "proximate cause" from the 1913 decision of *Stoll v Laubengayer*.[2] In *Stoll*, a five-year-old girl sledding down a hill lost control of her sled and was trampled by horses and a wagon left unattended at the bottom of the hill. The Court determined that the "immediate cause" of the injury was the act of the child in voluntarily starting her sled run down the hill. But for this act, which took place after the defendant had negligently left the horses unattended, no accident could have occurred.[3] The Court concluded that the girl's loss of control of her sled was irrelevant because the proximate cause of the injury was her initial voluntary act of initiating the sled run. Thus, the most direct cause of the injury in *Stoll* occurred at the voluntary beginning of the child's journey and not in the collision that occurred at its end.

Were we to apply *Stoll*'s direct-cause rule to the facts at hand, we would have to consider whether Lucero began driving voluntarily or was forced to drive against her will. In an interview on the morning after the accident, Lucero told the police that she blacked out after she drove away from her boyfriend's property. She stated that she might have driven through more than one red light before she crashed into decedent's car. Under *Stoll*'s reasoning, the direct cause of the accident was not her loss of control of her car. It was her beginning to drive by the order of the defendant police and against her will.

Because of the possible involuntariness of Lucero's decision to drive, this case presents a different factual situation than *Stoll.* It also differs from *Robinson*, in which *Stoll*'s direct-cause rule was applied in the context of a high-speed chase. *Robinson* held that, if a suspect involves the police in a high-speed chase, it is the suspect's voluntary decision to flee that directly causes the injury. It is not the suspect's later loss of control of the car. In a chase, the police do not order the suspect to drive at a high speed; on the contrary, the police's intent is that the suspect stop.

I would grant leave to appeal in this case to consider whether, under *Stoll*, direct causation requires a voluntary initial act and whether there was such a voluntary act here.

---

[2] *Stoll v Laubengayer,* 174 Mich 701 (1913).

[3] *Id*. at 706.

I would also consider the relevance of the traditional tort concepts of foreseeability and intervening and superseding causation to the theory of direct or sole proximate causation. In *Stoll*,[4] the Court reviewed a series of decisions in which the foreseeability of injury was crucial to proximate cause. But we did not explain how foreseeability meshed with the theory of direct causation. *Robinson* was silent on the issue of foreseeability, and the Court of Appeals has since interpreted that silence as foreclosing discussion of the issue.[5]

In her dissent in *Cooper v Washtenaw Co*, Judge Cooper suggested that this Court's silence about such a fundamental tort concept leaves it an open question.[6] Judge Cooper's position merits attention. In multiple-causation cases, a government employee's gross negligence arguably can be the sole proximate cause of injury if it supersedes and cuts off liability for the negligent acts of others. This Court needs to examine superseding causation, which focuses on the foreseeability of injury caused by an intervening force. We need to consider its relevance to the sole-proximate-cause analysis based on direct causation, which focuses on the voluntariness of the original act.

In this case, Lucero had drunk beer and driven earlier in the evening. Had an accident occurred at the time, her voluntary decision to drink and drive could have been the direct cause. However, by the time she encountered the police, Lucero had realized that she was incapable of driving safely. A police officer's ultimatum that she drive in her impaired condition would have superseded her earlier negligence because such police intervention would have been an unreasonable order. If Lucero drove because of any such order, the injury that resulted would have been foreseeable at the time of the order. Hence, her driving would not have intervened to cut off the police officers' liability. Thus, traditional causation principles are not incompatible with direct-causation analysis on the facts of this case.

I would grant leave to appeal to clarify whether these causation principles are relevant under the Court's current definition of "proximate cause" and thus answer the question left open in *Robinson*.

CAVANAGH, J., joins the statement of KELLY, J.

MARKMAN, J., would grant leave to appeal.

---

[4] *Id.* at 704-706.

[5] See *Cooper v Washtenaw Co*, 270 Mich App 506, 510 (2006).

[6] *Id.* at 513 (Cooper, P.J., dissenting).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 2, 2007

s1030

Clerk