# STATE OF MICHIGAN

# COURT OF APPEALS

PATRICK PEDERSEN and SAMANTHA HART, on behalf of AUBRY ELIZABETH PEDERSEN, a Minor,

Plaintiffs-Appellees,

v

HURON CLINTON METROPOLITAN AUTHORITY and LOWER HURON METROPARK,

Defendants,

and

JEFFREY W. SCHUMAN and RICHARD E. SOBECKI,

Defendants-Appellants.

UNPUBLISHED
January 15, 2015

No. 317898
Wayne Circuit Court
LC No. 12-007766-NO

Before: FORT HOOD, P.J., AND HOEKSTRA AND O'CONNELL, JJ.

PER CURIAM.

In this personal injury action, defendants Jeffrey W. Schuman and Richard E. Sobecki appeal as of right an order of the trial court denying their motion for summary disposition. Because Schuman and Sobecki, as governmental employees, were immune from tort liability, we reverse the trial court's order and we remand for entry of summary disposition in favor of Schuman and Sobecki pursuant to MCR 2.116(C)(7).

On July 5, 2010, at approximately 12:00 p.m., a minor child, Ashley Cameron and her family visited the Lower Huron Metropark (LHM), which is one of a number of parks operated by the Huron Clinton Metropolitan Authority (HCMA). While playing near a tree in the Ellwoods picnic area, Cameron was severely burned by hot coals left by an unknown patron. The accident was reported to a toll booth attendant by Cameron's family members. At approximately 2:00 p.m., Aubry Pedersen, along with her mother, plaintiff Samantha Hart, arrived at the LHM. While waiting to enter the LHM's Turtle Cove Water Park (Turtle Cove),

-1-

Pedersen was also severely burned while playing near a tree in the same general area of the LHM where Cameron had been burned.

Plaintiffs filed suit against the HCMA, Schuman (the LHM's operations manager), and Sobecki (the LHM's park superintendent). Their complaint included allegations of intentional nuisance, gross negligence, and negligent infliction of emotional distress.[1] Defendants filed a motion for summary disposition premised on MCR 2.116(C)(7), (C)(8), and (C)(10). The trial court granted the motion in regard to the HCMA, finding that it was immune from suit, but the trial court denied the motion in regard to Schuman and Sobecki, both of whom now appeal as of right.

Review of a grant or denial of summary disposition is reviewed de novo on appeal. *Walters v Nadell*, 481 Mich 377, 381; 751 NW2d 431 (2008). "The applicability of governmental immunity is a question of law, which we also review de novo." *Briggs v Oakland Co*, 276 Mich App 369, 371; 742 NW2d 136 (2007). When a claim is barred by immunity granted by law, summary disposition is appropriate under MCR 2.116(C)(7). *Plunkett v Dep't of Transp*, 286 Mich App 168, 180; 779 NW2d 263 (2009). Under MCR 2.116(C)(7), the moving party may support its motion with affidavits, depositions, admissions, or other documentary evidence. *Petipren v Jaskowski*, 494 Mich 190, 201; 833 NW2d 247 (2013). "The contents of the complaint are accepted as true unless contradicted by the evidence provided." *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008) (quotation marks and citation omitted). "If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide." *Moraccini v Sterling Heights*, 296 Mich App 387, 391; 822 NW2d 799 (2012).

## I. NEGLIGENCE BASED TORTS

Schuman and Sobecki first argue that the trial court erred when it denied their motion for summary disposition relating to plaintiffs' negligence based claims, i.e., gross negligence and negligent infliction of emotional distress. In particular, they deny their conduct amounted to gross negligence and they assert that their actions were not *the* proximate cause of plaintiffs' injuries, meaning that, according to Schuman and Sobecki, they were entitled to immunity from tort liability under MCL 691.1407(2).

Pursuant to MCL 691.1407(2), the Governmental Tort Liability Act (GTLA) provides qualified immunity from tort liability to individual governmental actors. *Odom*, 482 Mich at 468. Specifically, while in the course of employment, "[a]n employee of a governmental agency acting within the scope of his or her authority is immune from tort liability unless the employee's conduct amounts to gross negligence that is the proximate cause of the injury." *Kendricks v*

---

[1] Plaintiffs' complaint actually titled this claim as one for intentional infliction of emotional distress, and alleged elements of both intentional and negligent infliction of emotional distress. However, in their response to defendants' motion for summary disposition, as well as in their brief on appeal, plaintiffs refer to and argue the claim as one for negligent infliction of emotional distress. Thus, we treat it as such.

*Rehfield*, 270 Mich App 679, 682; 716 NW2d 623 (2006), citing MCL 691.1407(2). "Gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). For an employee's gross negligence to be "the proximate cause" of an injury, it must constitute "the one most immediate, efficient, and direct cause of the injury or damage." *Robinson v Detroit*, 462 Mich 439, 462; 613 NW2d 307 (2000). That is, "it is not enough that the gross negligence be 'a' proximate cause, it must be the 'direct cause preceding the injury.'" *Kruger v White Lake Twp*, 250 Mich App 622, 627; 648 NW2d 660 (2002), quoting *Robinson*, 462 Mich at 462.

In this case, Schuman and Sobecki were entitled to summary disposition because it is plain that they were not grossly negligent and that, in any event, their conduct was not the proximate cause of Pedersen's injuries.

In particular, the trial court found that a fact question remained regarding with Schuman and Sobecki were grossly negligent for failing to remove the hot coals because, before Pederson sustained her injuries, Cameron's family reported the presence of hot coals on the ground to a toll booth operator at the park. The error in the trial court's analysis is that there was no evidence demonstrating that either Schuman or Sobecki were made aware of the presence of the hot coals. According to the evidence submitted, assuming Cameron's family reported the incident, the usual practice following a report to the toll booth operator would have been for the toll booth attendant to notify dispatch of the issue and for dispatch to then forward the report to police or to maintenance to address it. However, a review of the dispatch logs, conducted by Lieutenant John Orskey, revealed that no such report was given to dispatch. Thus, even viewed in a light most favorable to plaintiffs, the evidence demonstrates at most that the toll booth attendant failed to follow protocol by not relaying the report to dispatch. Indeed, even if the report had been passed to dispatch, the result would not necessarily have been to notify either Schuman or Sobecki, but to contact the police or maintenance. In short, without any knowledge of the coals, Schuman or Sobecki could not be expected to take any action to remove the coals and they cannot be considered grossly negligent on this basis.

In the alternative, plaintiffs argue that the individual defendants can be found grossly negligent for failing to provide adequate instructions and facilities for the disposal of hot coals. This argument is without merit. The evidence showed that the LHM staff checked the park for safety hazards on a regular basis, there were fountains in the park where patrons could obtain water to extinguish hot coals, and hot ash barrels were distributed throughout the park. Even if additional precautions could have been taken for the safety of park patrons, "saying that a defendant could have taken additional precautions is insufficient to find ordinary negligence, much less recklessness." *Tarlea v Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004). On the record presented, any failure to place hot ash barrels in closer proximity to the Ellswood picnic area or to provide disposal instructions to patrons cannot be regarded as gross negligence, which requires "almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks." *Id.*

Moreover, on the record presented, it is clear that Schuman and Sobecki's failures were not "the proximate cause" of Pedersen's injuries. Plainly, there were more direct causes of Pedersen's injuries, including, for example, the negligence of the patron who left hot coals on the ground in the park. Given this more immediate cause, any negligence by Schuman and Sobecki

cannot be "the one most immediate, efficient, and direct cause" of Pedersen's injury. See *Robinson*, 462 Mich at 459, 462; *Kruger*, 250 Mich App at 627. Because Schuman and Sobecki were not grossly negligent and any failures on their part were not the proximate cause of Pedersen's injuries, they were immune from tort liability pursuant to MCL 691.1407(2) and the trial court erred in denying their motion for summary disposition.

Likewise, regarding Hart's claim for negligent infliction of emotional distress, there were plainly more direct causes for Hart's claimed emotional injuries, meaning that Schuman and Sobecki, who were not grossly negligent, cannot be "the proximate cause" and they were therefore immune from suit on this negligence based claim. See MCL 691.1407(2); *Odom*, 482 Mich at 479-480. In addition, summary disposition was also appropriate regarding Hart's claim for negligent infliction of emotional distress pursuant to MCR 2.116(C)(8) for failure to state a claim because the complaint fails to allege a necessary element of a negligent infliction of emotional distress claim: that Hart suffered actual physical harm. *Wargelin v Sisters of Mercy Health Corp*, 149 Mich App 75, 81; 385 NW2d 732 (1986).[2] Further, summary disposition was appropriate pursuant to MCR 2.116(C)(10) because plaintiffs have presented no evidence of any actual physical harm suffered by Hart.

## II. INTENTIONAL NUISANCE

Schuman and Sobecki argue that the trial court erred when it denied their motion in regard to plaintiffs' intentional nuisance claim. In particular, they deny any intentional wrongdoing. They also assert that their acts in question involved discretionary decision-making, meaning that, according to Schuman and Sobecki, they are entitled to immunity from intentional torts as described in *Odom*, 482 Mich at 480.

In *McCracken v Redford Twp Water Dep't*, 176 Mich App 365, 371; 439 NW2d 374 (1989), this Court explained the tort of intentional nuisance as follows:

> Intentional nuisance is a subdivision of the nuisance category known as nuisance in fact. A nuisance in fact is actionable by reason of circumstances and surroundings, and an act may be found to be a nuisance in fact where its natural tendency is to create danger and inflict injury to persons and property. The nuisance in fact is intentional if the creator intends to bring about the conditions which are in fact found to be a nuisance. To establish intent, the plaintiffs must

---

[2] The elements of a negligent infliction of emotional distress claim are:

> (1) "the injury threatened or inflicted on the third person must be a serious one, of a nature to cause severe mental disturbance to the plaintiff"; (2) the shock must result in actual physical harm; (3) the plaintiff must be a member of the immediate family, or at least a parent, child, husband or wife; and (4) the plaintiff must actually be present at the time of the accident or at least suffer shock "fairly contemporaneous" with the accident. [*Wargelin*, 149 Mich App at 81 (citation omitted).]

-4-

show that the defendant created or continued the condition causing the nuisance while they knew or must have known that injury was substantially certain to follow, i.e., deliberate conduct. It is not enough that the person creating the nuisance knows that harm might result. [Internal citations and quotation marks omitted.]

In this case, viewing the evidence in a light most favorable to plaintiffs, it is plain that Schuman and Sobecki neither created the condition which caused Pedersen's injuries nor did they continue the condition knowing that injury was substantially certain to follow. See *id*. They did not deposit the hot coals in question and, as discussed, they did not have knowledge of the coals before Pedersen suffered her injuries. Moreover, there were precautionary measures in place in the park, including fountains, hot ash bins, and regular checks by staff. Given these circumstances, plaintiffs have not identified any deliberate conduct by Schuman and Sobecki which would support a claim of intentional nuisance and summary disposition should have been granted. See MCR 2.116(C)(10).

In any event, as set forth in *Odom*, 482 Mich at 480, governmental employees are immune from liability for intentional torts if:

(a) The acts were undertaken during the course of employment and the employee was acting, or reasonably believed that he was acting, within the scope of his authority,

(b) the acts were undertaken in good faith, or were not undertaken with malice, and

(c) the acts were discretionary, as opposed to ministerial.

Here, it is plain that any decision-making undertaken by Schuman and Sobecki in relation to park safety precautions were discretionary acts, meaning those actions that "require personal deliberation, decision and judgment." *Id.* at 476 (quotation omitted). Further, it is undisputed that such decisions were undertaken by Schuman and Sobecki in the course of employment and within the scope of their authority. Moreover, it cannot reasonably be supposed that the acts were not undertaken in "good faith." Acts are not undertaken in "good faith" when the governmental employee's actions were malicious, corrupt, capricious, or demonstrated a wanton or reckless indifference to the common dictates of humanity. *Id.* at 474-475. There is no evidence of such malice in the present case. As discussed, there was no evidence that the report of the coals made to the toll booth attendant was ever passed on to Schuman or Sobecki. Thus, the notice given to the toll booth attendant cannot demonstrate that either individual defendant acted with malice. Further, given the safety measures in place throughout the LHM—including, for example, hot ash barrels at various locations, fountains, and checks by staff—any failure not to enact the additional safety precautions championed by plaintiffs cannot be regarded as malicious. Consequently, Schuman and Sobecki were immune from plaintiffs' intentional nuisance claim, and they were thus entitled to summary disposition pursuant to MCR 2.116(C)(7).

### III. PROPRIETARY FUNCTION EXCEPTION

As noted, the trial court granted summary disposition to the HCMA based on the applicability of governmental immunity. Plaintiffs have not filed a cross appeal to challenge the trial court's order in this regard, but nonetheless argue in their brief that the trial court erred in granting summary disposition to the HCMA because the HCMA was engaged in a proprietary function and thus not entitled to the protections of governmental immunity. See MCL 691.1413. However, given plaintiffs' failure to file a cross appeal, they may not obtain a decision more favorable on appeal than that rendered below. *Turcheck v Amerifund Fin, Inc*, 272 Mich App 341, 351; 725 NW2d 684 (2006). Consequently, they may not challenge the trial court's grant of summary disposition to the HCMA on appeal, and we decline to consider the matter.

Reversed and remanded for entry of an order granting defendants' motion for summary disposition in full. We do not retain jurisdiction. Having prevailed in full, defendants may tax costs pursuant to MCR 7.219.

/s/ Karen M. Fort Hood
/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell