# STATE OF MICHIGAN

# COURT OF APPEALS

---

MICHAEL A. RAY and JACQUELINE M. RAY,
as co-conservators for KERSCH RAY, a minor,

        Plaintiffs-Appellees,

v

ERIC SWAGER,

        Defendant-Appellant,

and

SCOTT ALLEN PLATT, HEATHER MARIE
PLATT, and LIBERTY MUTUAL INSURANCE
COMPANY,

        Defendants.

UNPUBLISHED
October 15, 2015

No. 322766
Washtenaw Circuit Court
LC No. 12-001337-NI

---

Before: BOONSTRA, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

In this tort action against a governmental employee, defendant Eric Swager appeals as of right the trial court order denying Swager's motion for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10). In particular, Swager argued that he was entitled to immunity under the Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq*. The trial court denied the motion based on its conclusion that questions of fact remained regarding whether Swager had been grossly negligent and whether Swager could be considered the proximate cause of plaintiff Kersch Ray's injuries. Because reasonable minds could not conclude that Swager was the proximate cause of Ray's injuries and Swager is therefore entitled to immunity under MCL 691.1407(2), we reverse and remand for entry of summary disposition in Swager's favor.

On September 2, 2011, Ray was severely injured when he was struck by an automobile driven by Scott Platt. At the time of the accident, Ray was a 13-year-old student at Chelsea High School and a member of the school's cross-country team. Swager was the team's coach and a teacher at the high school. Ray's accident occurred between 6:00 and 6:30 a.m., when it was still dark outside, while Ray was running across an intersection during cross-country practice with approximately 20 to 25 of his teammates and Swager.

-1-

Although there are numerous accounts of the accident in the lower court record and Ray does not personally recall the events in question, it is Ray's basic contention that the team and Swager were running along the Freer Road sidewalk in a large group as they warmed-up for a more intense run. As they approached the intersection of Free Road and Old US-12 they confronted a "red hand" on the pedestrian traffic signal. The team stopped, Swager looked both ways and decided to cross, despite the red hand and the fact that he could see a car off in the distance to his right on Old US-12. Swager then said "let's go," or something to that effect, and the team ran across the street in violation of MCL 257.613(2)(b). While Swager concedes that he said "let's go," many of the student runners testified that they heard Swager, but that they also looked both ways and independently determined it was safe to cross before doing so. Swager and most of the team safely crossed, but Ray, who was in the back of the group or even lagging somewhat behind, did not make it across the street. He and another runner were struck by Platt's car, and Ray was seriously injured.

Following the accident, Ray filed the present lawsuit. Swager then moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10), based on the assertion that he was entitled to immunity under MCL 691.1407(2) as a governmental employee because he was not "grossly negligent" and he was not "the proximate cause" of Ray's injuries.[1] The trial court denied Swager's motion based on its conclusion that the present case was "fact laden." In particular, the trial court found that, on the record presented, it could not be decided whether Swager was grossly negligent and the proximate cause of Ray's injuries because there remained a factual dispute regarding whether Ray was close enough to the group of runners to have heard Swager say "let's go." Swager now appeals as of right and, as in the trial court, Swager maintains that he is entitled to immunity under MCL 691.1407(2) because he was not grossly negligent and not the proximate cause of Ray's injuries.

On appeal, we review de novo a trial court's decision to grant or deny a motion for summary disposition. *Herman v Detroit*, 261 Mich App 141, 143; 680 NW2d 71 (2004). Likewise, questions of law, including issues of statutory interpretation and the applicability of governmental immunity, are reviewed de novo. *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010); *Herman*, 261 Mich App at 143.

---

[1] In moving for summary disposition, Swager also argued that Ray's claim must fail because Michigan does not recognize a claim for "educational malpractice." Additionally, Swager maintained that, because Ray had no memory of events, any claim that Swager caused the accident was merely speculation because it could not be known whether Ray acted as a result of Swager's purported command and thus Ray could not establish causation under the standard articulated in *Skinner v Square D Co*, 445 Mich 153; 516 NW2d 475 (1994). Swager reiterates these arguments on appeal. We decline to reach these issues, however, because the present appeal is an appeal as of right under MCR 7.202(6)(a)(v) relating to governmental immunity, meaning that our review is limited to Swager's claim of governmental immunity. See MCR 7.203(A)(1); *Pierce v Lansing*, 265 Mich App 174, 182; 694 NW2d 65 (2005).

"The GTLA, MCL 691.1401 *et seq.,* affords broad immunity from tort liability to governmental agencies and their employees whenever they are engaged in the exercise or discharge of a governmental function." *Beals v State*, 497 Mich 363, __; __ NW2d __ (2015), slip op at 7. The immunity afforded to low-ranking governmental employees is set forth in MCL 691.1407(2), which states:

> (2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each . . . employee of a governmental agency . . . is immune from tort liability for an injury to a person or damage to property caused by the . . . employee . . . while in the course of employment . . . if all of the following are met:
>
> (a) The . . . employee . . . is acting or reasonably believes he or she is acting within the scope of his or her authority.
>
> (b) The governmental agency is engaged in the exercise or discharge of a governmental function.
>
> (c) The . . . employee's . . . conduct does not amount to gross negligence that is the proximate cause of the injury or damage. [MCL 691.1407(2).]

Under this provision, a governmental employee is "generally immune from tort liability if he is in performance of a governmental function." *Beals*, slip op at 15. See also *Kendricks v Rehfield*, 270 Mich App 679, 682; 716 NW2d 623 (2006). As set forth in MCL 691.1407(2), "[t]he Legislature has carved out a very narrow exception to that immunity for employees whose conduct is (1) grossly negligent and (2) 'the proximate cause' of another's person's injury[.]" *Beals*, slip op at 7-8, 15. By statute, "gross negligence" refers to "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). Within the context of MCL 691.1407(2), for an individual employee's gross negligence to be "the proximate cause," our Supreme Court has held that the employee's conduct must be "the one most immediate, efficient, and direct cause of the injury or damage[.]" *Beals*, slip op at 8-9 (citation omitted). In other words, "[i]t is not enough that the gross negligence be 'a' proximate cause, it must be the 'direct cause preceding the injury.'" *Kruger v White Lake Twp*, 250 Mich App 622, 627; 648 NW2d 660 (2002).

In this case, as the trial court recognized, there is some factual debate surrounding the accident in terms of the configuration of the running group, how far behind Ray trailed the group, whether Ray could have heard Swager say "let's go", precisely what Swager said and to whom, etc. Despite these factual disputes, it is nonetheless clear that the trial court erred by denying Swager's motion for summary disposition because these factual disputes are not material to the question of Swager's liability under MCL 691.1407(2). That is, even supposing that Ray heard Swager say "let's go", reasonable minds could not conclude that Swager was *the* proximate cause of Ray's injuries.

Instead, clearly the most proximate cause of Ray's injuries is the fact that he was struck by a moving vehicle. Swager was not driving the vehicle that struck Ray and he did not force Ray into the road in front of the vehicle. The contention that Ray essentially ran into the road in

blind obedience to a verbal instruction from Swager simply does not alter the undeniable reality that Ray entered the road under his own power and he was then struck by a moving vehicle driven by someone other than Swager.[2]  Had Ray himself verified that it was safe to enter the roadway, as did many of his fellow teammates, the accident would not have occurred.[3]  Likewise, had Platt not been driving on the roadway that morning, or had he otherwise avoided Ray, the accident would not have occurred.  In these circumstances, there were obviously more immediate, efficient, and direct causes of Ray's injuries than Swager's oral remarks.  Consequently, Swager's ill-advised decision to cross the street may well be partly responsible for Ray's injuries, but reasonable minds could not conclude that Swager's conduct was *the* proximate cause.  See *Beals*, slip op at 8-9, 14.  For this reason, Swager is entitled to the immunity provided by MCL 691.1407(2), and the trial court erred by denying Swager's motion for summary disposition.[4]

---

[2] Cf. *Miller v Lord*, 262 Mich App 640, 642; 686 NW2d 800 (2004) (holding teacher who sent the plaintiff into the hallway was not the proximate cause of a sexual assault by another student that followed); *Curtis v City of Flint*, 253 Mich App 555, 563; 655 NW2d 791 (2002) (holding paramedic driving emergency vehicle that prompted the plaintiff to move to the side of the road was not the proximate cause of the accident that followed between plaintiff's vehicle and that of another driver); *Kruger*, 250 Mich App at 627 (holding police's alleged negligence was not the proximate cause of injury when the plaintiff ran into traffic and was struck by an unidentified driver given that the driver and the plaintiff were both more direct causes of the accident).

[3] On appeal, when contesting the assertion that Ray can be considered a cause of his own injuries, Ray relies heavily on the fact that Ray was only thirteen years of age.  However, the notion that Ray had no obligation to assess the safety of crossing the street is without merit.  Children, even those considerably younger than Ray, are expected to understand the danger attendant to crossing a street, and they are expected "to use care and caution to guard against the dangers of such crossing." *Ackerman v Advance Petroleum Transp*, 304 Mich 96, 106; 7 NW2d 235 (1942) (holding that an eight-year-old child had the capacity and ability to understand, and guard against, the dangers of crossing a street).  See also *Pratt v Berry*, 37 Mich App 234, 238; 194 NW2d 465 (1971) ("[A]n ordinarily prudent 7-year-old child must look while crossing the street.").  In other words, before running headlong into the street after the group of runners, Ray had an obligation to assess the dangers of the road and to guard against those dangers.  By failing to do so, Ray was among the causes of the accident and, because his own actions more directly preceded the accident, Swager cannot be *the* proximate cause of Ray's injuries.  Cf. *Reaume v Jefferson Middle Sch*, 477 Mich 1109; 729 NW2d 840 (2007).

[4] Having determined that Swager could not reasonably be considered *the* proximate cause of Ray's injuries, we need not decide whether reasonable minds could conclude that Swager was grossly negligent.  See *Kruger*, 250 Mich App at 626.

Reversed and remanded.  We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Joel P. Hoekstra