# STATE OF MICHIGAN

# COURT OF APPEALS

CATHRYN KOSTAROFF,

   Plaintiff-Appellee,

v

WYANDOTTE PUBLIC SCHOOLS,

   Defendant,

and

GAIL MELLAS, SHERRENA YAKOWICH, JENNIFER GAYLE, MARA MOORE, and KERSTIN MARKLEIN,

   Defendants/Third-Party Plaintiffs-
   Appellants,

and

TEMPORARY SCHOOL STAFF, INC.,

   Third-Party Defendant.

UNPUBLISHED
May 18, 2017


Nos. 330472; 330505
Wayne Circuit Court
LC No. 14-000660-NZ

Before: M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

This is a consolidated appeal arising out of a single action. In docket no. 330472 defendants Gail Mellas, Sherrena Yakowich, Jennifer Gayle, Mara Moore, and Kerstin Marklein, (collectively defendants) employees of Wyandotte Public Schools (WPS) at all times relevant to the case, appeal as of right from the trial court's order denying their motion for summary disposition pursuant to MCR 2.116(C)(7) (government immunity). In docket no. 330505

-1-

defendants appeal by leave granted[1] the same order denying their motion for summary disposition pursuant to MCR 2.116(C)(10) (no genuine issue of material fact). We reverse the trial court's denial of defendants' motion under MCR 2.116(C)(7) in docket no. 330472. Defendants' appeal in docket no. 330505 is, therefore, rendered moot, and is dismissed.

Plaintiff was contracted to be a special education teaching assistant at The Lincoln Center (TLC), a division of Wyandotte Public Schools (WPS) specializing in special education by Temporary School Staff, Inc. (TSS), an entity that provided contract employees to WPS on an as needed basis. On March 23, 2012, plaintiff allegedly suffered traumatic brain and other injuries when she attempted to restrain JT, a student at TLC with Tourette's Syndrome, when he rocked back and forth. JT's helmet struck plaintiff in the head, causing her to fall backwards and hit her head on a cement wall. In her complaint, plaintiff alleged that defendants' negligent behavior caused her injuries. Specifically, plaintiff asserted that the following conduct led to her injuries: (1) Mellas, Moore, and Yakowich moved JT from a serious cognitive impairment classroom to a moderate cognitive impairment classroom based on staff complaints; (2) knowing plaintiff lacked the requisite qualifications, Yakowich and Gayle assigned her to serve as JT's one-on-one aide; and (3) rather than assisting plaintiff with JT, Marklein told plaintiff to take JT for a walk. Plaintiff also attached an affidavit to her response to defendants' motion for summary disposition, making the same assertions and adding that both Mellas and Gayle had been informed that JT was physically acting out.

Defendants filed a motion for summary arguing under MCR 2.116(C)(7) that pursuant to the Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq.*, their alleged conduct was neither grossly negligent, nor the proximate of cause of plaintiff's injuries, and under MCR 2.116(C)(10) that the exclusive remedy provision, MCL 418.131, of the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.*, barred plaintiff's claim. In her response, plaintiff asserted that defendants waived the right to assert governmental immunity by failing to plead governmental immunity as an affirmative defense. The trial court concluded that defendants did not waive governmental immunity, but denied defendants' motion concluding that questions of fact existed with regard to the application of governmental immunity and with regard to the exclusive remedy provision of the WDCA.

Initially, we conclude that the trial court, while ultimately reaching the correct result, incorrectly rejected plaintiff's waiver argument on the grounds that governmental immunity is not an affirmative defense. A governmental employee must raise entitlement to governmental immunity as an affirmative defense. *Odom v Wayne Co*, 482 Mich 459, 479; 760 NW2d 217 (2008). An affirmative defense not raised in a party's first responsive pleading, either originally filed or as amended, is waived. MCR 2.111(F)(2).[2]

---

[1] *Kostaroff v Wyandotte Pub Sch*, unpublished order of the Court of Appeals, entered April 7, 2016 (Docket Nos. 330204 & 330505).

[2] MCR 2.111(F)(2) provides, in pertinent part:

However, the purpose of requiring affirmative defenses to be pled in the first responsive pleading "is to provide the opposing party with sufficient notice of the alleged affirmative defenses to permit that party to take a responsive position, and a stated affirmative defense that does so will not be deemed insufficient." *Tyra v Organ Procurement Agency of Mich*, 302 Mich App 208, 213-214; 850 NW2d 667 (2013), rev'd in part on other grounds by 498 Mich 68 (2015). In other words, "a statement of an affirmative defense must contain facts setting forth *why and how* the party asserting it believes the affirmative defense is applicable." *Id*. at 214. In Affirmative Defense 11, defendants stated, "The individuals should have not been sued as they are employees of Wyandotte Public Schools and were acting in the course and scope of their employment." This statement satisfied the requirements, under MCR 2.111(F) and *Tyra*, for pleading an affirmative defense. It set forth why and how governmental immunity applies, essentially asserting that defendants could not be liable for plaintiff's injuries for those actions taken in the scope of their employment with a governmental agency, and it put plaintiff on notice of the defense. Admittedly, defendants could have pleaded the defense more explicitly by including the words "governmental immunity," or citing the GTLA, but the pleading was sufficient, and defendants were entitled to rely on the defense of governmental immunity as a basis for their motion.[3]

Turning to the merits of defendants' motion, summary disposition is proper under MCR 2.116(C)(7) "when a claim is barred by immunity granted by law." *Beals v Michigan*, 497 Mich 363, 370; 871 NW2d 5 (2015) (internal citations and quotations omitted). "To survive such a motion, the plaintiff must allege facts justifying the application of an exception to governmental immunity. [The reviewing court] consider[s] all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." *Id*. (quotation marks and citations omitted) (alteration in original). When "no [material] facts are in dispute, or if reasonable minds could not differ regarding the legal effect of the facts, the question whether [a plaintiff's] claim is barred by governmental immunity is an issue of law." *Pierce v Lansing*, 265 Mich App 174, 177; 694 NW2d 65 (2005).[4]

Under MCL 691.1407(2), a governmental employee is immune from tort liability for any injury caused to another, if the employee acted, or reasonably believed they acted, within the scope of their authority, unless the "employee's conduct is both (1) grossly negligent and (2) 'the proximate cause' of an injury . . . ." *Beals*, 497 Mich at 365. The GTLA defines "gross

> A party against whom a cause of action has been asserted . . . must assert in a responsive pleading the defenses the party has against the claim. A defense not asserted in the responsive pleading or by motion as provided by these rules is waived, except for the defenses of lack of jurisdiction over the subject matter of the action, and failure to state a claim on which relief can be granted.

[3] See *Gleason v Mich Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003) ("A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason.").

[4] We review a trial court's determination regarding a motion for summary disposition de novo. *Odom*, 482 Mich at 466. "The applicability of governmental immunity is a question of law that this Court reviews de novo on appeal." *Beals*, 497 Mich at 369.

negligence" as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). Gross negligence has also "been characterized as a willful disregard of safety measures and a singular disregard for substantial risks." *Oliver v Smith*, 290 Mich App 678, 685; 810 NW2d 57 (2010). "[E]vidence of ordinary negligence does not create a material question of fact concerning gross negligence." *Maiden v Rozwood*, 461 Mich 109, 122; 597 NW2d 817 (1999).

The allegations in plaintiff's complaint allege actions that could be construed as ordinary negligence but do not set forth a claim of gross negligence. While plaintiff alleges that defendants assigned JT to her classroom, a moderate cognitive impairment class, when he allegedly should have been assigned to a severe cognitive impairment classroom, plaintiff fails to allege how defendants should have known that this would have resulted in injury. Plaintiff alleged that JT suffered from Tourette's Syndrome, would rock back and forth, and experienced "frequent tantrumming" but did not offer any allegations as to how being assigned to work with him created such a risk of injury that defendants actions could be characterized as reckless or as a willful disregard for safety measures or substantial risks. Plaintiff's allegations suggest that defendants could have done more to protect her from injury. However, allegations that a defendant could have done more to prevent injury are generally insufficient to establish gross negligence. See *Tarlea v Crabtree*, 263 Mich App 80, 90-91; 687 NW2d 333 (2004) (finding that allegations that the defendants could have taken additional precautions were insufficient to establish gross negligence). The conduct alleged does not "demonstrate a substantial lack of concern for whether an injury" would result.

However, even if a factual dispute exists regarding gross negligence, the trial court erred, nevertheless, when it denied defendants' motion because no factual dispute exists regarding whether defendants' conduct was the proximate cause of plaintiff's injuries. The phrase "the proximate cause" in MCL 691.1407(2)(c) "is best understood as meaning the one most immediate, efficient, and direct cause preceding an injury." *Robinson v City of Detroit*, 462 Mich 439, 458-459; 613 NW2d 307 (2000).

None of defendants' individual actions could be considered the most immediate, efficient, or direct cause preceding plaintiff's injuries. The decision to move JT from the serious cognitive impairment classroom to the moderate cognitive impairment classroom, plaintiff's assignment to work directly with JT, and the instruction to take JT for a walk, all occurred before plaintiff's attempt to restrain JT during his rocking incident – which pursuant to caselaw must be considered the most immediate cause of plaintiff's injuries. In *Beals*, the Michigan Supreme Court held that a lifeguard's failure to intervene could not be considered the proximate cause of a boy's drowning death. *Beals*, 497 Mich at 376-377. And in *Kruger v White Lake Twp*, 250 Mich App 622, 626-627; 648 NW2d 660 (2002), a panel of this Court determined that police officers' conduct in allowing a girl to escape into traffic could not be considered the proximate cause of her injuries. More direct causes included her escape and flight from the police station. *Id*. at 627. Given this case-law, we conclude that plaintiff has failed to allege facts that could give rise to a finding that any of the defendants' actions were *the* proximate cause of her injuries. Accordingly, defendants are all entitled to governmental immunity, and we reverse the decision of the trial court in docket no. 330472 and remand for entry of summary disposition under MCR 2.116(C)(7) in favor of all defendants.

-4-

Our reversal in docket no. 330472 renders defendants appeal in docket no. 330505 concerning whether they were also entitled to summary disposition under MCR 2.116(C)(10) based on the exclusive remedy provision of the WDCA moot. *GMC v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010) (stating that an issue becomes moot when "a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy"). Therefore, we decline to address defendants' claims for relief in that appeal, see *King v Mich State Police Dep't*, 303 Mich App 162, 192; 841 NW2d 914 (2013) (stating that this Court does not generally address moot questions), and we order that that appeal be dismissed.

Reversed. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro